**Gustavo J. CORRO, d/b/a Granada Inn, Appellant,**

v.

**SOUTHWESTERN BELL MEDIA, INC., Appellee.**

**No. 13–89–311–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 14, 1989.

Nolan K. Stutzman, McAllen, for appellant.

H. Harman Camp, Selman & Camp, McAllen, for appellee.

## OPINION

PER CURIAM.

A default judgment against Gustavo J. Corro d/b/a Granada Inn was signed by the trial judge on March 7, 1989. Pursuant to Tex.R.Civ.P. 329b, a motion for new trial was due to be filed on or before April 6, 1989, but was not filed until May 18, 1989. The cost bond was filed on July 25, 1989, and the transcript was received in this Court on August 11, 1989.

Upon inspection of the transcript received on August 11, 1989, it appeared that the motion for new trial, cost bond, and transcript had not been timely filed as required by Tex.R.Civ.P. 329(b), Tex.R.App.P. 41(a), and 54(a). Accordingly, the parties were given notice of these defects so that steps could be taken to cure the defects, if it could be done. The parties were further notified that although the appellant had stated in his motion for new trial that he did not receive timely notice of the judgment, this Court could not determine whether the trial judge had made a specific finding as to the date appellant received notice of the judgment. *See* Tex.R.Civ.P. 306a(5) and Tex.R.App.P. 5(b)(5). Accordingly, the parties were informed that, if after the expiration of ten days the defects were not cured, the appeal would be dismissed.

In response to this Court's letter, the appellant filed a written reply, and the statement of facts from the hearings on the motion for new trial and the default judgment. Appellant now argues that since appellee's counsel did not contest the timeliness of the motion for new trial, and

since the record showed that the notice of default judgment had not been mailed until April 11, 1989, it was not necessary to obtain a finding as to the date appellant had received notice of the judgment. Appellant further argued that rule 306a(5) does not specifically require a finding from the trial court, and, even if the rule did require a finding, strict compliance with the rule is not necessary for the appellate court to have jurisdiction. Appellant suggests that this Court simply look to the record to determine for ourselves facts as to our own jurisdiction. Appellee has filed a motion to dismiss the appeal and a motion to challenge the sufficiency of the cost bond.

 Tex.R.Civ.P. 306a(5) provides that the time for filing a motion for new trial will be extended when the movant is able to *prove* to the trial court, on *sworn* motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing of the judgment, and that this date was more than twenty days after the judgment was signed.

In this case, the judgment was signed on March 7, 1989. Pursuant to Tex.R.Civ.P. 329b, the motion for new trial was due to be filed on or before April 6, 1989, but was not filed until May 18, 1989. Paragraph 1 of the motion for new trial states:

> This Motion is presented within the time allowed by law on motions for new trial. The Default Judgement in this cause was rendered and signed on March 7, 1989. However, the Notice of Default Judgment which Texas Rules of Civil Procedure 239a and 306a(3) require to be immediately mailed to the Defendant was not mailed until more than a month later on April 11, 1989. Defendant neither received a notice required by 239a and 306a(3) nor acquired actual knowledge of the Default Judgment within 20 days after the Judgment. In fact, Defendant did not receive the notice nor acquire actual knowledge of the Judgement until April 26, 1989. Therefore, the beginning of the period in which a Motion for New

Trial may be filed was not until April 26, 1989.

Attached to the motion for new trial was a verification signed by the appellant. However, the verification specifically excluded any reference to paragraph 1. The verification attached to the motion affirmed only the truth of paragraphs 2, 3, 4, 6 and 7, none of which contained a reference to the required rule 306a(5) or 5(b)(5) provisions. Thus, appellant did not on *sworn* motion prove to the trial court the date upon which he received notice of the judgment.

The Dallas Court of Appeals has considered whether a motion filed pursuant to rule 306a(5), although unverified, serves to extend the appellate timetable under rule 306a(4). *Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402 (Tex.App.—Dallas 1989, no writ). That Court found that the appellate timetable was extended. However, after closely reviewing the *Thermex* case and the record in the present appeal, it is apparent that this case is not governed by *Thermex*. In the *Thermex* case, the motion was completely unsworn. Here the failure to verify the motion was not simply an oversight by the appellant. A conscious decision to verify some of the allegations in the motion for new trial and exclude others was made by the appellant. In addition, in *Thermex* a hearing was conducted within 30 days of the date when the movant acquired actual knowledge of the judgment. Here, the hearing was not conducted until two months later. Also in *Thermex*, specific findings of the trial judge stated the date upon which the movant received actual knowledge of the judgment. It was clear that Thermex had proved to the trial court's satisfaction the date on which it received notice of the judgment. In our case, the trial judge simply overruled the motion for new trial by written signed order, and did not enter any findings as to the date the appellant received notice of the judgment. Although appellant argues that a finding by the trial court is not necessary since the appellee did not contest the timeliness of the motion for new trial, we disagree. In this particular case, the trial court was not required to hear the motion for new trial, since appellant had failed to

comply with the provisions of rule 306a(5). The fact that the trial court conducted a hearing, and the appellee failed to contest the timeliness of the motion does not confer jurisdiction on this Court. We note that, although no *sworn* rule 306a(5) motion was filed, a hearing was in fact held, and evidence was presented. However, the trial court overruled the motion for new trial, and made no findings as to the date the appellant received notice of the judgment. Thus, in our case it is not clear that the appellant has *proved* to the trial court's satisfaction any fact.

We note that the appellant did not seek or secure a finding from the trial court. Pursuant to Tex.R.App.P. 56(a), it is the duty of the appellate clerk to examine the transcript to ascertain whether the appeal has been duly perfected. In order to do this, the transcript should contain information upon which the clerk can readily ascertain the date that the appellate timetable begins to run. In this case, a simple order by the trial judge stating the date that the appellant received notice of the judgment would have sufficed.

██ Next, appellant suggests that we simply look to the record to determine facts as to our own jurisdiction. In response to this argument, we look to rules 306a(5) and 5(b)(5) for guidance. Those rules specifically require that the movant *prove in the trial court* the date on which the appellant received notice of the judgment. Proof is to be made in the trial court, not the court of appeals. *Memorial Hospital of Galveston County v. Gillis,* 741 S.W.2d 364 (Tex. 1987). Appellant has not shown this Court that he *proved* any facts to the trial court.

Appellant next argues that the question of whether and when appellant had notice of the judgment entered against him are constitutional facts which we have a duty to determine in order to decide whether appellant was accorded due process of law. Appellant had an opportunity to *properly* present his arguments to the trial court, and failed to do so.

Having reviewed the parties' motions, arguments and the record on file, this Court is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction and appellee's motion to dismiss the appeal and motion to challenge the sufficiency of the cost bond are dismissed.