**METRO DAIRY QUEEN STORES, Appellant,**

v.

**Alejandra DOMINGUEZ, Appellee.**

**No. 08–94–00194–CV.**

Court of Appeals of Texas, El Paso.

Aug. 4, 1994.

R. Wayne Pritchard, Brandys Carson & Pritchard, P.C., El Paso, for appellant.

Blake W. Barrow, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an attempted appeal from a default judgment in a slip and fall case, entered in the 346th Judicial District Court of El Paso, Texas.

## I. PROCEDURAL HISTORY

Appellee, Plaintiff below, originally filed suit on February 2, 1994. Appellant, Defendant below, although served with process, failed to appear or answer. On March 18, 1994, Appellee obtained a default judgment. On May 9, 1994, 52 days after the default judgment was signed and entered, Appellant filed his verified motion for new trial, alleging that notice of the default judgment rendered on March 18, 1994 was not received until May 3, 1994, among other substantive

reasons.[1] On May 10, 1994, the trial court entered its order setting hearing on the motion for new trial. Hearing on the motion was set for 11:15 a.m. May 19, 1994. On June 1, 1994, Appellant's motion for new trial was overruled by operation of law. Cost bond on appeal was filed on June 16, 1994.

## II. DISCUSSION

 It is, and has been, the rule in our jurisdiction that in the absence of a timely filed motion for a new trial, or a motion to vacate, modify, correct or reform a judgment, the trial court loses its plenary power over its judgment after 30 days from its signatory date. *Carrera v. Marsh*, 847 S.W.2d 337, 340 (Tex.App.—El Paso 1993, orig. proceeding [leave denied]); *Holder v. Holder*, 808 S.W.2d 197 (Tex.App.—El Paso 1991, no writ); Tex.R.Civ.P. 329b(d). While Tex. R.Civ.P. 306a(3) requires the clerk of the court to give notice of final judgments and other appealable orders by first class mail to all parties or their attorneys of record, such failure of the clerk to give notice does not impair the finality of the judgment or otherwise render it void. *See Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974); *Carrera v. Marsh*, 847 S.W.2d at 340. In that regard, when a litigant proves that he or she did not receive this notice from the clerk of court or otherwise did not receive actual notice within 20 days of the signing of the judgment, the timetables concerning trial court jurisdiction over the case and for filing a motion for new trial are extended for a maximum period of 90 days from the date the order was signed. *See* Tex.R.Civ.P. 306a(4).

 Once default judgment is entered by the trial court, it is incumbent on the defaulted party to seek direct relief, if so desired, by pursuing any one of various avenues au-

---

1. Appellant's affidavit affixed to his motion for new trial, asserts in pertinent part as follows:
 I was served with the petition in this cause. When I reviewed the petition with my partner, Gary Gipson, we were under the impression that we had 50 days to respond.
 Following service of the petition I attempted, to no avail, to contact the Plaintiff, to find out her demands, through her husband, Mauricio

Almarez, the assistant manager of the Sunland Park Dairy Queen where Plaintiff was employed. Although I became aware on or about April 3, 1994, that a default judgment hearing was conducted on March 18, 1994, I did not receive actual knowledge that a judgment was signed until May 3, 1994, when I was shown a copy of such judgment by my attorney.

thorized by Texas law. In that regard, the law permits several methods of direct attack. The most common is Rule 329b motion for new trial. "A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed." TEX.R.CIV.P. 329b(a). In the instant case, under normal circumstances, Appellant was required to file his motion for new trial on or before April 17, 1994, the day the trial court's plenary power expired. However, as noted above, an exception to the 30 day rule exists when a party fails to receive notice within 20 days of the signing of the judgment as required by Rule 306a(3). In such a situation, the trial court's plenary power will be extended, and the usual appellate timetables will not begin to run, until the party or their attorney receives notice from the clerk of the court or acquires actual notice. In no event however, will the running of the timetables begin more than 90 days after the signing of the original judgment. TEX.R.CIV.P. 306a(4); TEX.R.APP.P. 5(b)(4).

Texas Rules of Civil Procedure provide that in order to establish the application of Rule 306a, the party adversely affected must:

(a) not have received notice or actual knowledge within 20 days after the judgment is signed;

(b) receive notice or acquire actual knowledge within 90 days after the judgment is signed;

(c) **prove in the trial court, on sworn motion and notice, the date on which the party first acquired notice or actual knowledge of the signing and that this date was more than 20 days after the judgment was signed.**

TEX.R.CIV.P. 306a(4) and (5); see also TEX.R.APP.P. 5(b)(4) and (5).

The record in the instant case clearly and unequivocally demonstrates that Appellant's motion for new trial was filed more than 30 days from the signing of the judgment as provided for by TEX.R.CIV.P. 329b. The central question thus presented for review is whether Appellant has sustained his burden of proof in the trial court below, in order to extend the appellate timetables. For the reasons set forth in this opinion, we find that Appellant has not.

■ In the instant case, both TEX.R.CIV.P. 306a(5) and TEX.R.APP.P. 5(b)(5) squarely places the burden on Appellant, as movant, to prove in the trial court, on sworn motion and notice, the date on which the party first acquired notice or actual knowledge of the signing and that this date was more than 20 days after the judgment was signed. If evidence, on sworn testimony or otherwise, establishes such lack of notice, the jurisdiction of the trial court, as well as the appellate timetables, have been appropriately extended. On the other hand, if the evidentiary hearing fails to establish such lack of notice, the plenary jurisdiction of the trial court once again expires and the appellate timetables commence as provided for in TEX.R.APP.P. 41(a). Inherent in Appellant's burden, is the requirement that he obtain the requisite finding, pursuant to both TEX.R.CIV.P. 306a(5) and TEX.R.APP.P. 5(b)(5).

Additionally, TEX.R.APP.P. 5(b)(5) specifically requires, "[t]he trial judge **shall** find the date upon which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing of the judgment **at the conclusion of the hearing and include this finding in the court's order.**" [Emphasis added]. By not securing a hearing on his motion for new trial, nor the requisite finding by the trial court as to when he received notice of the complained-of judgment, Appellant has failed to comply with TEX.R.APP.P. 5(b)(5) which govern the extension of the appellate time limits. Accordingly, we conclude that Appellant has failed to timely perfect his appeal by not filing his cost bond on appeal on or before April 17, 1994.

■ Compliance with the provisions of both TEX.R.CIV.P. 306a and TEX.R.APP.P. 5(b) is a jurisdictional prerequisite. *See Memorial Hospital v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987). The requirements of the above rules are simple, clear, and concise. For this Court to relax the mandates of the rules would be tantamount to amending established rules of procedure. This rule-making power is invested solely in the Supreme Court of Texas. *Carrera v. Marsh,* 847

S.W.2d at 342; *see also* TEX.GOV'T CODE ANN. § 22.004 (Vernon Pamphlet 1986).

For the preceding reasons, we deny Appellant's motion for extension of time to file statement of facts and further, dismiss Appellant's attempted appeal for want of jurisdiction.