**In re R.W. JONES, Jr., Relator.**

No. 04–98–00214–CV.

Court of Appeals of Texas,
San Antonio.

May 27, 1998.

Rehearing Overruled July 9, 1998.

David S. Gragg, Steven B. Treu, Jeffers & Banack, Inc., San Antonio, for Appellant.

Ramiro Estrada, Jr., Law Offices of Ramiro Estrada, Jr., San Antonio, Jeffrey D. Small, San Antonio, for Appellee.

Before HARDBERGER, C.J., and GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

R.W. Jones seeks a writ mandamus to compel the Honorable John Gabriel, Jr. to withdraw what Jones contends is a void Rule 306a, TEX.R. CIV. P., order. We conditionally issue the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Jones sued Ramiro and Gloria Estrada and Jose and Olga Diaz to remove a cloud on the title to Jones' claimed homestead and for slander of title. On October 8, 1997, the trial court signed a default summary judgment in Jones' favor. On December 10, 1997, the defendants filed a motion to vacate the default judgment, which stated:

> This Court entered a default judgment on October 8, 1997, but defendants first received notice of the default judgment on November 12, 1997. Because neither defendants nor their attorney received notice of the judgment or acquired actual knowledge of it within twenty (20) days after the judgment was signed, and because defendants and their attorney obtained actual knowledge of the judgement within ninety (90) days after it was signed, the period for the court's plenary power to grant a new trial or to vacate, modify, correct, or reform its judgment-and period for defendants to file a motion to vacate the judgment and motion for new trial-did not begin to run until November 12, 1997.

The motion went on to state that the defendants' attorney "did not learn of the judgment until November 12, 1997," and the defendants "were not aware of the judgment until November 29, 1997." These assertions were supported by the affidavits of the defendants and their attorney. After a hearing, Judge John Gabriel, Jr. signed an order finding the effective date of the judgment to be November 12, 1997 because that is the date the "movants" first received "actual notice" of the judgment.[2] Judge Gabriel then set aside the October 8 judgment and granted a new trial. Jones seeks a writ of mandamus to compel Judge Gabriel to vacate his order because, he argues, the defendants' motion failed to reinvoke the trial court's jurisdiction under Rule 306a, TEX.R. CIV. P.

### PREREQUISITES TO MANDAMUS RELIEF

A writ of mandamus will issue only if the relator establishes it does not have an adequate remedy by appeal to redress a clear abuse of discretion by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992). The writ is therefore a proper

---

2. Although the term "actual notice" is used in the comment to Rule 306a, TEX.R. CIV. P., it is not used in the text of either Rule 306a or Rule 4.2, TEX.R.APP. P. The date of "actual notice" is therefore *not* the date the rules require the movant to establish and the trial court to find. Moreover, while in common law usage the term incorporates both actual knowledge and imputed notice, e.g., *Woodward v. Ortiz*, 150 Tex. 75, 79, 237 S.W.2d 286, 289 (1951), common parlance uses the term to mean only actual knowledge. *Champlin Oil & Ref. Co. v. Chastain*, 403 S.W.2d 376, 388 (Tex.1965); *see, e.g., Davis v. Boone*, 786 S.W.2d 85, 87 n. 2 (Tex.App.—San Antonio 1990, no writ) (using "actual notice" to mean "actual knowledge"). The term "actual notice" is thus patently ambiguous and therefore should *not* be used in Rule 306a motions or orders.

means to require a trial court to withdraw an order setting aside a judgment and granting a new trial if the order is signed after the trial court's plenary power has expired. *See, e.g., City of Laredo v. Schuble,* 943 S.W.2d 124, 126 (Tex.App.—San Antonio 1997, orig. proceeding); *cf. Dunn v. Street,* 938 S.W.2d 33, 35 (Tex.1997) (per curiam) (orig.proceeding) (writ will issue to compel trial court to set aside void order because signing void order necessarily abuse of discretion for which ordinary remedy by appeal inadequate).

A trial court's plenary power to vacate, modify, or correct a final judgment expires thirty days after the date the judgment is signed unless plenary power is extended. TEX.R. CIV. P. 329b(d). Therefore, if a party plans to file a motion for new trial, he must do so, as a general rule, no later than thirty days after the date a final judgment is signed. TEX.R. CIV. P. 329b(a). However, this general rule is subject to the exception set forth in Rule 306a(4), TEX.R. CIV. P.: the appellate timetable may be extended if a party adversely affected by a judgment and her attorney do not either receive the clerk's notice or acquire actual knowledge that a judgment has been rendered less than twenty days or more than ninety days after the date the judgment was signed. *See* TEX.R. CIV. P. 306a(3) (clerk's notice), (4) (exception); *see also Levit v. Adams,* 850 S.W.2d 469, 470 (Tex.1993) (per curiam) (Rule 306a(4) does not apply if notice received or actual knowledge acquired more than ninety days after date judgment was signed). Specifically, Rule 306a(4) provides:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Rule 306a thus permits a party to effectively obtain an extension of time in which to file a motion for new trial in certain circumstances.

 Rule 306a(4) is not, however, self-implementing. Rather, "to establish the application of paragraph (4)," the adversely affected party must file a sworn motion setting forth "the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX.R. CIV. P. 306a(5). The moving party must, therefore, establish this date by competent proof, *Womack–Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 813 (Tex.App.—Dallas 1994, writ denied), and ensure the proof is included in a written order signed by the trial judge. TEX.R.APP. P. 4.2(c); *e.g., Metro Dairy Queen Stores v. Dominguez,* 883 S.W.2d 322, 324 (Tex.App.—El Paso 1994, no writ); *Conaway v. Lopez,* 843 S.W.2d 732, 733–34 (Tex.App.—Austin 1992, no writ) (per curiam); *Corro v. Southwestern Bell Media, Inc.,* 784 S.W.2d 471, 474 (Tex.App.—Corpus Christi 1989, no writ) (per curiam). If the applicability of Rule 306a(4) is not established in the manner required by the rule, the trial court's plenary power is not restarted, and it is without "jurisdiction" to grant a motion for new trial filed more than thirty days after the date the judgment was signed. *Memorial Hosp. v. Gillis,* 741 S.W.2d 364, 365–66 (Tex.1987); *Schuble,* 943 S.W.2d at 126.

## DISCUSSION

The trial court signed the default summary judgment in favor of Jones on October 8, 1997; therefore, if the defendants wished to file a motion for new trial, they were required to file their motion no later than November 7, 1997. TEX.R. CIV. P. 329b(a). The motion was not filed until December 10. Consequently, the trial court was without jurisdiction to set aside the default judgment and grant a new trial order unless the defendants' Rule 306a(4) motion and affidavits were sufficient.

 The defendants' Rule 306(a)(4) motion established that neither they nor their attor-

ney received the clerk's notice or acquired actual knowledge that a judgment had been signed within twenty days of the date the judgment was signed. The motion also established that neither they nor their attorney acquired actual knowledge that a judgment had been signed until November 12, 1997. However, the defendants' motion failed to establish that neither they nor their attorney received the clerk's notice between the twentieth day after the date the judgment was signed and November 12, 1997, the date the defendants' attorney first acquired actual knowledge the judgment had been signed.

 The defendants argue the missing date was properly inferred by the trial court from (1) the fact that neither the defendants nor their attorney received the clerk's notice within twenty days after the judgment was signed, (2) the fact that neither the defendants nor their attorney acquired actual knowledge that a judgment had been signed until November 12, 1997, and (3) the fact that their motion asserts "the period for the court's plenary power to grant a new trial or to vacate, modify, correct, or reform its judgment-and period for defendants to file a motion to vacate the judgment and motion for new trial-did not begin to run until November 12, 1997." We disagree. A trial court does not have discretion to make a finding unsupported by any record evidence. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex. 1992). And a conclusory statement, whether by a lay or expert witness, is not evidence. *Casualty Underwriters v. Rhone,* 134 Tex. 50, 53–54, 132 S.W.2d 97, 99 (1939); *see, e.g., Wadewitz v. Montgomery,* 951 S.W.2d 464, 466–67 (Tex.1997). Nor is a subjective belief. *Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 452 (Tex.1996); *see generally* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex. L.Rev. 361, 362–63 (1960).

## CONCLUSION

Because the defendants failed to establish the date required by Rule 306a(5), Tex.R. Civ. P., and Rule 4.2(c), Tex.R.App. P., they failed to invoke the trial court's jurisdiction to extend the appellate timetable. Accordingly, Jones' petition for a writ of mandamus is conditionally granted. The writ will issue only if Judge Gabriel does not withdraw his order setting aside the October 8, 1997 judgment and granting a new trial in Cause No. 97–CI–08897, styled *R.W. Jones, Jr. v. Ramiro Padilla Estrada, Gloria Estrada, Jose Diaz, and Olga Diaz,* in the 150th Judicial District Court, Bexar County, Texas, within ten days of the date of this opinion.