MARY'S OPINION HEADING 




 NO. 12-01-00209-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ELDRIDGE MOAK, ADMINISTRATOR 

OF THE ESTATE OF §
 APPEAL FROM THE 241ST

WALTER EARL BAILEY, 

DECEASED, ET AL.,

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF



SMITH COUNTY, ET AL.,

APPELLEES
§
 SMITH COUNTY, TEXAS







PER CURIAM
 

 This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate
Procedure 42.3(a). The trial court's judgment was signed on April 17, 2001. Under Texas Rule of
Appellate Procedure 26.1(a), a notice of appeal must be filed within thirty days after the judgment
is signed unless a post-judgment instrument, such as a motion for new trial, is timely filed. Tex. R.
App. P. 26.1(a). Where a timely post-judgment instrument has been filed, the notice of appeal must
be filed within ninety days after the judgment is signed. Id. Appellant, Eldridge Moak,
Administrator of the Estate of Walter Earl Bailey et al. ("Appellant"), filed a motion for new trial
on May 18, 2001, thirty-one days after the judgment was signed. Thus, the motion for new trial was
not timely and it did not extend the deadline for the filing of the notice of appeal. Appellant's notice
of appeal was due, therefore, on May 17, 2001. Appellant filed his notice of appeal on June 30,
2001. 

 On July 26, 2001, this Court notified Appellant pursuant to Tex. R. App. P. 42.3 that his
notice of appeal was untimely and that the appeal would be dismissed unless he corrected the defect
on or before August 6, 2001. By way of a request for an extension of time, this Court extended the
time for responding to our notice to August 17, 2001. On August 18, 2001, (1) Appellant filed a
"Jurisdictional Brief." In his brief, Appellant contends that he did not acquire actual notice of the
trial court's judgment until May 18, 2001, more than twenty days after the judgment was signed. 
Further, Appellant argues that because he filed his notice of appeal within ninety days of the trial
court's judgment, this Court has jurisdiction over the appeal under Tex. R. App. P. 4.2. (2) 

 The Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure provide an
extension of the post-judgment timetables for parties who do not receive timely notice of the trial
court's judgment. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1). In cases where a party does
not obtain notice or actual knowledge of the judgment within twenty days after the judgment is
signed, the period for filing a motion for new trial, the trial court's plenary power and the period for
filing a notice of appeal run from the date the party or his attorney receives notice or actual
knowledge of the trial court's judgment. Id. To invoke this extension, a party must prove in the trial
court, on sworn motion and notice, the date on which the party first acquired notice or actual
knowledge of the signing and that this date was more than twenty days after the judgment was
signed. Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2(b). If the party seeking the extension presents
a prima facie showing of lack of notice, the trial court is required to hold an evidentiary hearing on
the motion. In re Ray, 967 S.W.2d 951, 953 (Tex. App.- Dallas 1998, orig. proceeding). After the
hearing, the trial court must sign a written order that finds the date when the party or the party's
attorney first either received notice or acquired actual knowledge that the judgment or order was
signed. Tex. R. App. P. 4.2(c). The movant has the burden of obtaining the requisite findings. 
Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994) (orig. proceeding); In re Jones, 974 S.W.2d
766, 768 (Tex. App.- San Antonio 1998, orig. proceeding); Metro Dairy Queen Stores v.
Dominguez, 883 S.W.2d 322, 324 (Tex. App.- El Paso 1994, no writ). 

 In this case, Appellant has failed to show that he complied with the procedure for extending
the post-judgment timetables set for in Tex. R. Civ. P. 306a(5) and Tex. R. App. P. 4.2(b). 
Compliance with the provisions of Tex. R. Civ. P. 306a(5) and Tex. R. App. P. 4.2(b) is a
jurisdictional prerequisite. See Memorial Hospital v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987);
Metro Dairy Queen Stores, 883 S.W.2d at 324. Because Appellant has failed to obtain the findings
necessary to extend the appellate timetable, we conclude that Appellant's notice of appeal was
untimely. Cantu, 878 S.W.2d at 132; Metro Dairy Queen Stores, 883 S.W.2d at 324. Accordingly,
the appeal is dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a) & (c). 


Opinion delivered September 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

 













DO NOT PUBLISH
1. Although Appellants's response to our July 26 notice was late, we will consider it in the interest of
justice.
2. Appellants appear to misunderstand the operation of Tex. R. Civ. P. 306a(4) and Tex. R. App. P.
4.2(a)(1). As discussed below, if Appellant established that he did not acquire notice or actual knowledge of the
judgment within twenty days after the judgment was signed, the timetable for filing a motion for new trial would
begin on the date he acquired notice. Further, if he filed a motion for new trial within thirty days of the date he
acquired notice, the deadline for filing his notice of appeal would then be extended to ninety days from that date. No
matter how the issue is framed, however, by failing to establish the date on which he acquired notice, Appellant has
failed to invoke the extended post-judgment timetables.