NO. 07-03-0188-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 21, 2003
_____

TOMMY L. MCDOWELL,

Appellant

v.

MELANIE M. WALT,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 50,242-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN and REAVIS, JJ. and BOYD, SJ.[1]

Pending before us is an appeal which Tommy L. McDowell has attempted to perfect. In response to a letter from this court asking him to explain why the appeal should not be dismissed for want of jurisdiction for untimely filing the notice of appeal, he tendered to us a motion entitled "Appellant's Motion to Deem Notice of Appeal as Timely Filed." In the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

motion, he states that though the final judgment was signed on February 19, 2003, he failed to receive actual notice of it until April 4, 2003. His notice of appeal was filed eighteen days later on April 22, 2003. Accompanying the motion is both a verification and affidavit of appellant's counsel. The former attests to the accuracy of the allegations in the motion and the latter essentially recites the same facts. Given the lack of notice, he concludes by asking the court to deem his notice of appeal to be timely pursuant to Rule 4.2(a)(1) of the Rules of Appellate Procedure. We overrule the motion and dismiss the cause for want of jurisdiction.

As to the belated notice of the judgment, the Texas Rules of Appellate Procedure address the subject. According to Rule 4.2 of those rules, if one affected by a judgment neither receives notice nor acquires actual knowledge of it within 20 days of the date it was signed, then periods commencing on the signing of the judgment begin upon the date the affected party received notice or acquired actual knowledge. TEX. R. APP. P. 4.2(a)(1). However, the application of the rule is limited in several respects. That relevant here involves the procedure to be used to secure the extended time period. According to Rule 4.2(b) of the appellate rules, that procedure is governed by Texas Rule of Civil Procedure 306a.5. *Id.* at 4.2(b).

> According to Rule 306a.5, the party adversely affected by the delay
>
> is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

After the trial court conducts its hearing, it then "must sign a written order that finds the

2

date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX. R. APP. P. 4.2(c). In other words, the prospective appellant must obtain a finding from the trial court establishing that such notice or knowledge was received more than 20 days after the date the judgment was signed. We cannot make the requisite finding. *Corro v. Southwestern Bell Media, Inc.*, 784 S.w.2d 471, 474 (Tex. App.–Corpus Christi 1989, no writ). Finally, without it, the affected party cannot invoke the benefits of appellate Rule 4.2(a)(1). *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex. 1994); *Conaway v. Lopez,* 843 S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ); *accord*, *Metro Dairy Queen Stores v. Dominguez,* 883 S.W.2d 322, 324 (Tex. App. - El Paso 1994, no writ) (holding that compliance with the rule is jurisdictional).

The record at bar does not indicate that the trial court determined when the appellant or his attorney received notice or actual knowledge of the judgment. Nor does it indicate that appellant moved the trial court to determine those matters. Consequently, he has not satisfied the prerequisites of Rule 4.2. Given this and the fact that his notice was signed approximately 61 days after the judgment was signed, we conclude that we lack jurisdiction over the appeal.

The appeal is dismissed for want of jurisdiction.


Per Curiam