NO. 07-03-0188-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 21, 2003

______________________________

TOMMY L. MCDOWELL,

Appellant

v.

MELANIE M. WALT, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 50,242-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, SJ.
(footnote: 1)
 Pending before us is an appeal which Tommy L. McDowell has attempted to perfect. In response to a letter from this court asking him to explain why the appeal should not be dismissed for want of jurisdiction for untimely filing the notice of appeal, he tendered to us a motion entitled “Appellant’s Motion to Deem Notice of Appeal as Timely Filed.”  In the motion, he states that though the final judgment was signed on February 19, 2003, he failed to receive actual notice of it until April 4, 2003.  His notice of appeal was filed eighteen days later on April 22, 2003.   Accompanying the motion is both a verification and affidavit of appellant’s counsel.  The former attests to the accuracy of the allegations in the motion and the latter essentially recites the same facts.  Given the lack of notice, he concludes by asking the court to deem his notice of appeal to be timely pursuant to Rule 4.2(a)(1) of the Rules of Appellate Procedure.  We overrule the motion and dismiss the cause for want of jurisdiction.

As to the belated notice of the judgment, the Texas Rules of Appellate Procedure address the subject.  According to Rule 4.2 of those rules, if one affected by a judgment neither receives notice nor acquires actual knowledge of it within 20 days of the date it was signed, then periods commencing on the signing of the judgment begin upon the date the affected party received notice or acquired actual knowledge.  
Tex. R. App. P.
 4.2(a)(1).  However, the application of the rule is limited in several respects.  That relevant here involves the procedure to be used to secure the extended time period.  According to Rule 4.2(b) of the appellate rules, that procedure is governed by Texas Rule of Civil Procedure 306a.5.  
Id.
 at 4.2(b).  

According to Rule 306a.5, the party adversely affected by the delay 

is required to prove in the trial court, on sworn motion and notice, the date  on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was 

more than twenty days after the judgment was signed.

After the trial court conducts its hearing, it then “must sign a written order that finds the date when the party or the party’s attorney first either received notice or acquired actual knowledge that the judgment or order was signed.”  
Tex. r. app. p. 
 4.2(c).  

In other words, the prospective appellant must obtain a finding from the trial court establishing that such notice or knowledge was received more than 20 days after the date the judgment was signed.    We cannot make the requisite finding.  
Corro v. Southwestern Bell Media, Inc.
, 784 S.w.2d 471, 474 (Tex. App.–Corpus Christi 1989, no writ).  Finally, without it, the affected party cannot invoke the benefits of appellate Rule 4.2(a)(1).  
Cantu v. Longoria
, 878 S.W.2d 131, 132 (Tex. 1994); 
Conaway v. Lopez
, 843 S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ); 
accord
, 
Metro Dairy Queen Stores v. Dominguez, 
883 S.W.2d 322, 324 (Tex. App. - El Paso 1994, no writ) (holding that compliance with the rule is jurisdictional).

 The record at bar does not indicate that the trial court determined when the appellant or his attorney received notice or actual knowledge of the judgment.  Nor does it indicate that appellant moved the trial court to determine those matters.  Consequently, he has not satisfied the prerequisites of Rule 4.2.  Given this and the fact that his notice was signed approximately 61 days after the judgment was signed, we conclude that we lack jurisdiction over the appeal. 

The appeal is dismissed for want of jurisdiction.  

Per Curiam

d-circuit television in situations like that before us is authorized by statute under certain circumstances.  
Tex. Code Crim. Proc. Ann.
 art. 38.071, §§1, 3 (Vernon 2005).  Those circumstances require the trial court to hear evidence and then decide whether 1) the use of the closed-circuit television system is necessary to protect the welfare of the particular child witness, 2) the child witness would be traumatized by the presence of the defendant, and 3) the emotional distress suffered by the child witness in the presence of the defendant is more than mere nervousness or excitement or some reluctance to testify.  
Maryland v. Craig
, 497 U.S. 836, 855-56, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990);  
Hightower v. State
, 822 S.W.2d 48, 51(Tex. Crim. App.1991); 
Barnes v. State
, 165 S.W.3d 75, 84 (Tex. App.–Austin 2005, no pet.).

We initially note that though the child was in a room other than the courtroom while testifying, she was nonetheless subjected to rigorous cross-examination and was observed by the judge, the jury and appellant.  Furthermore, in making its decision to allow the child to so testify, the trial court had before it evidence that “it would be disastrous for [her] emotionally to have to appear in front of the perpetrator, or alleged perpetrator,” that N.S. “was very reluctant to talk . . . initially about what had happened,” and that her reluctance stemmed from her having “been threatened by” appellant.  Other testimony revealed that 1) appellant told his six-year-old victim about how he liked “killing dogs and little girls,” 2) he would kill her if she reported the assault, 3) he had thrown her dog off a bridge, 4) his nonverbal communication would also be “very threatening” to the child, 5) the victim’s testifying in the courtroom would hinder her from telling the truth, 6) the victim was yet a very young girl, 7) the child was “displaying some post-traumatic stress disorder symptoms,” and 8) she was having severe nightmares.  Combined, this evidence illustrates more than mere nervousness, excitement or reluctance to speak if the child was to testify in the presence of appellant.  It depicts injurious consequences to the child if forced to confront appellant in a courtroom, or at least a trial court could have reasonably held.  Thus, we find no error in the trial court’s decision, especially when appellant had pervasive opportunity to and vigorously cross-examined his victim.

 

Issue Three - Jury Instruction

In his final issue, appellant contends that the trial court erred by failing to instruct the jury that the child’s testifying via closed-circuit television should not affect the presumption of innocence to which appellant is entitled.  We overrule the issue.

Appellant did not request the instruction.  Nor did he cite us to any case obligating the trial court to provide the instruction 
sua sponte
.  Indeed, the court in 
Marx v. State
, 953 S.W.2d 321 (Tex. App.–Austin 1997), 
aff’d
, 987 S.W.2d 577 (Tex. Crim. App. 1999), a case upon which appellant relies, concluded that
 “although an additional instruction may have been desirable, Marx did not request a special instruction and the statute did not apprise the court of a duty to give one.”  
Marx, 
953 S.W.2d at 332.  So, having not requested it and the trial court lacking a statutory obligation to afford it 
sua sponte
, appellant was not entitled to it, especially when the charge contained the general instruction regarding an accused’s presumption of innocence. 

Having overruled all issues, we affirm the judgment of the trial court.

Brian Quinn

          Chief Justice

Do not publish.

 

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).