IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0432
════════════
 
In re The Lynd Company, 
Relator
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
Chief Justice Jefferson delivered the 
opinion of the Court.
Justice Green did not participate in 
the decision.
In this 
mandamus action, we consider whether a court may imply the date on which a 
complaining party received late notice of judgment from an order granting a 
motion to extend post-judgment deadlines pursuant to Texas Rule of Civil 
Procedure 306a. Rule 306a allows for extensions of post-judgment deadlines when 
a party first receives notice of a judgment more than twenty, but less than 
ninety-one, days after it is signed. Tex. R. Civ. P. 306a(4). Relator The 
Lynd Company (Lynd) seeks a writ of mandamus that (1) compels the court of 
appeals to vacate its order directing the trial court to withdraw its order 
granting new trial and (2) directs the trial court to vacate its February 28, 
2005 order withdrawing the order granting new trial. Because we hold that the 
record supports implied notice,[1] the trial court had jurisdiction to 
grant Lynd’s motion for new trial pursuant to Rule 306a; therefore, the court of 
appeals abused its discretion in ordering the trial court to vacate that order. 
Accordingly, we conditionally grant Lynd’s petition for writ of mandamus.
John Adrian 
Anthony sued Lynd for injuries he sustained when he fell from the second story 
of an apartment complex Lynd managed. Lynd filed an answer. On November 21, 
2003, the trial court granted Anthony’s motion for sanctions and ordered Lynd to 
pay $80,000 for its failure to respond to Anthony’s request for disclosures. 
Five months later, Anthony filed a Motion for Entry of Final Judgment. After a 
hearing, which Lynd did not attend, the court signed an order entitled “Final 
Default Judgment” on May 18, 2004.
Lynd claims 
it first became aware of the default judgment when a sheriff’s deputy arrived at 
its offices on August 4, 2004 to seize assets to satisfy the judgment. On August 
27, 2004, Lynd filed a motion to set aside the default judgment and a motion for 
new trial. Pursuant to Texas Rule of Civil Procedure 306a(4), Lynd sought to 
invoke the trial court’s otherwise-expired plenary power to grant the motions. 
The rule provides:
 
If within 
twenty days after the judgment or other appealable order is signed, a party 
adversely affected by it or his attorney has neither received . . . notice 
. . . nor acquired actual knowledge of the order, then with 
respect to that party [the period of the trial court’s plenary power and the 
time for filing certain post-judgment motions] shall begin on the date that such 
party or his attorney received such notice or acquired actual knowledge of the 
signing, whichever occurred first, but in no event shall such periods begin more 
than ninety days after the original judgment or other appealable order was 
signed.
 
Tex. R. Civ. P. 306a(4); see also 
Mem. Hosp. of Galveston Cty. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987). 
Absent an extension of post-judgment deadlines under Rule 306a, the trial 
court’s power to entertain Lynd’s motions expired on June 17, 2004, thirty days 
after it signed the final judgment. Tex. 
R. Civ. P. 329b(f); see also Gillis, 741 S.W.2d at 365. After an 
evidentiary hearing on the Rule 306a motion, the trial court granted Lynd’s 
motion for new trial on September 7, 2004. The trial court, however, did not 
make a written finding confirming the date Lynd first received notice of the 
judgment.
Anthony 
sought mandamus relief in the court of appeals, arguing that the trial court 
abused its discretion because the November 21, 2003 sanctions order was a final 
judgment, and, therefore, the court could not invoke its plenary power pursuant 
to Rule 306a(4).[2] See In re Sw. Bell Tel. Co., 35 
S.W.3d 602, 605 (Tex. 2000) (holding that mandamus is the proper avenue for 
relief when the trial court issues an order after its plenary power has 
expired). Anthony argued in the alternative that even if the May 18, 2004 order 
was the final judgment, the order granting new trial was still void, because the 
court did not satisfy Rule 306a’s requirements and, therefore, lacked plenary 
power to grant the motion. The court of appeals conditionally granted mandamus 
relief, holding that the May 18, 2004 order was the final judgment, but that the 
order granting new trial was void due to the trial court’s failure to 
specifically find the date Lynd first received notice or acquired actual 
knowledge of the judgment. __ S.W.3d __, __. Accordingly, the court of appeals 
ordered the trial court to withdraw the September 7, 2004 order. See id. 
at __. The trial court has since complied. 
Post-judgment 
procedural timetables—including the period of the trial court’s plenary 
power—run from the day a party receives notice of judgment, rather than the day 
judgment is signed, if the party: (1) complies with the sworn motion, notice and 
hearing requirements mandated by Rule 306a(5), and (2) proves it received notice 
of the judgment more than twenty (but less than ninety-one) days after it was 
signed. See Tex. R. Civ. P. 
306a. Specifically, Rule 306a(5) requires that the party alleging late 
notice of judgment file a sworn motion with the trial court establishing the 
date the party or its counsel first learned of the judgment. Tex. R. Civ. P. 306a(5); see also 
Gillis, 741 S.W.2d at 365. The motion must be filed before the trial court’s 
plenary power—measured from the date of notice established under Rule 
306a(4)—expires. John v. Marshall Health Servs., 58 S.W.3d 738, 741 (Tex. 
2001). The sworn motion establishes a prima facie case that the party lacked 
timely notice and invokes a trial court’s otherwise-expired jurisdiction for the 
limited purpose of holding an evidentiary hearing to determine the date on which 
the party or its counsel first received notice or acquired knowledge of the 
judgment. See Grondona v. Sutton, 991 S.W.2d 90, 91‑92 (Tex. App.–Austin 
1998, pet. denied); Cont’l Cas. Co. v. Davilla, 139 S.W.3d 374, 379 (Tex. 
App.–Fort Worth 2004, pet. denied); see also Jon v. Stanley, 150 S.W.3d 
244, 248 (Tex. App.–Texarkana 2004, no pet.). 
We agree with 
the court of appeals that the May 18, 2004 judgment was the final judgment. A 
default judgment is deemed final if it expresses an unequivocal intent to 
finally dispose of the case. In re Burlington Coat Factory Warehouse of 
McAllen, Inc., 167 S.W.3d 827, 830 (Tex. 2005). The November 21, 2003 order, 
entitled “Order on Motion for Sanctions” stated that it was a default judgment 
as to Anthony’s “liquidated claim” against Lynd, but the order contained no 
language stating it finally disposed of all claims and all parties. See 
Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 200 (Tex. 2001) (judgment 
containing language expressly disposing of all claims and all parties may be 
deemed a final judgment). Furthermore, the order on the motion for sanctions did 
not resolve Anthony’s claims for pain and suffering, medical expenses, or lost 
earning capacity. See id. (holding that regardless of its language, a 
judgment that disposes of all claims, based on the record in the case, may be 
deemed final). In contrast, the May 18, 2004 “Final Default Judgment” left 
nothing further to resolve and, therefore, was the final judgment in this 
case.
We disagree, 
however, with the court of appeals’ holding that the trial court did not 
properly invoke its plenary power to grant Lynd’s motion for new trial because 
it omitted a written finding of the date Lynd received notice of final judgment. 
Unlike the parallel appellate rule, Texas Rule of Appellate Procedure 4.2, Rule 
306a does not require that the trial court issue a signed order with such a 
finding. Compare Tex. R. App. 
P. 4.2(c) with Tex. R. 
Civ. P. 306a(5). Rather, when the trial court fails to specifically find 
the date of notice, the finding may be implied from the trial court’s judgment, 
unless there is no evidence supporting the implied finding or the party 
challenging the judgment establishes as a matter of law an alternate notice 
date. See Abrams v. Jones, 35 S.W.3d 620, 627 (Tex. 2000) (the legal 
sufficiency of implied findings may be challenged on appeal); see also Powell 
v. McCauley, 126 S.W.3d 158, 161‑62 (Tex. App.–Houston [1st Dist.] 2002, no 
pet.) (if the trial court fails to make a written finding of the date the 
complaining party received notice of judgment, the appellate court may imply the 
finding). To the extent that some courts of appeals have held otherwise, we 
disapprove those decisions. See Lejune v. Pow‑Sang, No. 01‑04‑00843‑CV, 
2006 Tex. App. LEXIS 2740, at *32 n. 17 (Tex. App.–Houston [1st Dist.] April 6, 
2006, no pet. hist.); In re Parast, No. 04‑03‑00340‑CV, 2003 Tex. App. 
LEXIS 5826, at *6 (Tex. App.–San Antonio July 9, 2003, orig. proceeding) (mem. 
op.); In re Ray, 967 S.W.2d 951, 954 (Tex. App.–Dallas 1998, orig. 
proceeding); In re Jones, 974 S.W.2d 766, 768 (Tex. App.–San Antonio 
1998, orig. proceeding); Metro Dairy Queen Stores v. Dominguez, 883 
S.W.2d 322, 324 (Tex. App.–El Paso 1994, no writ); Hannon v. Crest Cadillac, 
Inc., No. 05‑99‑01503‑CV, 2000 Tex. App. LEXIS 1957, at *2-*3 (Tex. 
App.–Dallas March 27, 2000, no pet.) (not designated for publication). We note, 
however, that a trial court could dispel ambiguities about the notice date if, 
in ruling on 306a motions, it followed the procedure mandated by Texas Rule of 
Appellate Procedure 4.2(c) and issued a finding of the notice date as a matter 
of course. Parties should also consider requesting such a finding, as it may 
help circumvent disputes like this one.
Here, there 
is ample evidence to imply from the trial court’s new trial order a finding that 
Lynd first received notice of the judgment on August 4, 2004. Along with the 
Rule 306a motion, Lynd submitted verified affidavits from its president, his 
secretary, the company’s corporate representative, and its attorney, all of whom 
swore that they did not learn of the judgment until the sheriff’s deputy arrived 
at Lynd’s offices on August 4, 2004. Lynd’s president and his secretary offered 
similar testimony at the Rule 306a evidentiary hearing. 
Because 
August 4, 2004 was more than twenty, but less than ninety-one, days after the 
default judgment was signed, and because Lynd timely filed its Rule 306a sworn 
motion and accompanying motion for new trial within thirty days of first 
receiving notice of the judgment, Rule 306a operated to extend the trial court’s 
plenary power to grant Lynd’s motion for new trial. See Tex. R. Civ. P. 306a(4), (5); see 
also John, 58 S.W.3d at 741. Thus, pursuant to Rule 306a, August 4, 2004 
served as the date from which all post-judgment deadlines and the trial court’s 
plenary power began to run. See Tex. R. Civ. P. 306a(4) (date party 
received notice substitutes for the date judgment was signed as starting point 
from which post-judgment deadlines run). Accordingly, the trial court had 
jurisdiction on September 7, 2004 to issue its order granting Lynd’s motion for 
new trial. See Tex. R. Civ. 
P. 329b. Therefore, the court of appeals abused its discretion in 
ordering the trial court to vacate that order.
Accordingly, 
without hearing oral argument, we conditionally grant Lynd’s petition for writ 
of mandamus, direct the court of appeals to vacate its ruling, and order the 
trial court to vacate its February 28, 2005 order withdrawing the September 7, 
2004 order granting new trial. Tex. R. 
App. P. 52.8(c), (d). The writ will issue only if the lower courts fail 
to comply.
 
 
______________________________
Wallace 
B. Jefferson
Chief 
Justice 
 
OPINION DELIVERED:     June 9, 2006






[1] The real party in interest argues that Lynd should be 
denied relief because it did not include the transcript of the Rule 306a 
evidentiary hearing with its petition. See Tex. R. App. P. 52.7(a) (relator must 
file record which includes any document or transcript relevant to its claim). 
The real party in interest, however, filed a supplemental record that included 
the transcript. See id. 52.7(b) (any party to the proceeding may 
supplement record). Thus, the record before us contains all that is necessary to 
consider Lynd’s petition for writ of mandamus.

[2] Rule 306a(4) does not apply and cannot serve to extend 
a trial court’s plenary power when a party learns of final judgment more than 
ninety days after it is signed. Levit v. Adams, 850 S.W.2d 469, 470 (Tex. 
1993) (noting that in such cases a bill of review is the proper method of 
seeking relief). If judgment was final on November 21, 2003, ninety days would 
have elapsed on February 19, 2004, well before the date Lynd alleged it learned 
of final judgment.