MORI SEIKI CO., LTD., Appellant,

v.

ACTION MACHINE SHOP, INC., et al., Appellees.

No. B14–85–161–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 27, 1985.

Preston Shirley, of Mills, Shirley, McMicken & Eckel, Galveston, John J. Quinn, of Drye & Warren, New York City, for appellant.

William D. Leikam, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This appeal presents the issue of whether the trial court had jurisdiction to grant a motion for new trial more than thirty days after the judgment was signed under the exception provided for in Rule 306a(4) of the Texas Rules of Civil Procedure. We find the trial court had such jurisdiction and order dismissal of this appeal.

 The trial court signed a default judgment against appellant on July 26, 1984. Appellant did not receive written notice of the judgment until August 20, 1984. Appellant filed its Motion for New Trial on August 31, 1984, which the trial court granted on November 2, 1984. The appellant did not therefore file its Motion for New Trial within thirty days as required by Rule 329b(a) of the Texas Rules of Civil Procedure. However, the trial court properly determined that under Rule 306a(4) it had jurisdictional authority to rule on the motion. This rule provides that if a party adversely affected by a judgment or his attorney has not received notice or acquired actual knowledge of the judgment within twenty days after the judgment is signed, then with respect to that party, the period for the court's plenary power to grant a new trial shall begin on the date that such party or his attorney received notice or acquired actual knowledge of the signing of the judgment, whichever occurred first. Since appellant did not receive notice or acquire knowledge of the signing until more than twenty days thereafter, the thirty day period for filing the Motion for New Trial did not begin until it received notice on August 20, 1984. The motion was then properly filed within this thirty day period.

 We hold that the trial court's order granting appellant's Motion for New Trial was within its jurisdiction and therefore valid. We accordingly dismiss this appeal for want of jurisdiction, because a valid order granting a new trial is interlocutory and not appealable. See *Cummins v. Paisan Construction Co.*, 682 S.W.2d 235 (Tex.1984).