SABINE TOWING AND TRANSPORTATION CO., INC., Appellant,

v.

Darrell W. EVANS, et al., Appellees.

No. 09 84 354 CV.

Court of Appeals of Texas, Beaumont.

Decided May 8, 1986.

Rehearing Denied May 21, 1986.

J. Douglas Sutter, Ross, Griggs & Harrison, Houston, for appellant.

Jon B. Burmeister, Moore, Landry, Garth & Jones, Liberty-Pearl Complex, Beaumont, for appellee.

### ON MOTION FOR REHEARING

DIES, Chief Justice.

We withdraw our former opinion handed down on February 6, 1986, and substitute this one in its place.

This is an appeal from a bench trial held on July 9, 1984. On July 26, 1984, the trial court signed a final judgment in favor of the appellee. On September 17, 1984, the appellant filed a document entitled "Bill of Review". The "Bill of Review" alleged that appellant had only learned of the signing of the judgment of July 26, 1984, on September 12, 1984. It also alleged that appellant had not received postcard notice of judgment from the clerk of the trial court. The "Bill of Review" further requested the trial court to set aside its prior judgment. The trial court signed an order setting aside the judgment of July 26, 1984. The trial court signed another judgment on September 19, 1984, which awarded exactly the same relief to appellee as the original judgment. No hearing on appellant's "Bill of Review" was ever held or requested. On September 25, 1984, appellant filed a Motion for New Trial. On October 17, 1984, appellant filed its appeal cost bond.

Appellee urges, by three assignments of error, that appellant's appeal was not timely filed, so that this court is without jurisdiction to hear it. By his first assignment of error, appellee argues that the trial court lacked jurisdiction to enter a second judgment on September 19, 1984, so that the time for appellant to have filed a Motion for New Trial or to have perfected its appeal began to run from the date of the judgment signed on July 26, 1984. Appellant argues that since it did not receive notice of the signing of the original judgment, the thirty-day period allowed for the filing of a Motion for New Trial did not begin to run until September 12, 1984, when appellant first received actual notice that the judgment had been signed.

■ We agree with appellant's contention that when a party is not notified by the clerk of the trial court within twenty days after the signing of a judgment, that the thirty-day period for filing a Motion for New Trial will begin to run on the date the party receives such notice or on the date the party first had actual notice of the signing of the judgment. *See Rule 306a(4).* [1] However, the rules further pro-

---

**1.** All rule references are to the Texas Rules of Civil Procedure.

vide by what means a party may obtain benefit of *Rule 306a(4)*. *Rule 306a(5)* provides:

"Motion, notice and hearing. In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed."

In the present case, appellant filed a "Bill of Review" which was apparently based upon *Rule 306a(4)*. Presumably it was in response to this "Bill of Review" that the trial court entered the second judgment which purported to vacate the original one. But, since the record does not reflect that any hearing was ever requested or set on the "Bill of Review", nor that appellee was given any notice prior to the entry of the second judgment, the appellant did not properly avail itself of the benefit of *Rule 306a(4)*. *See Rule 306a(5)*. Therefore, the trial court was without jurisdiction to enter a new judgment on September 19, 1984, because more than thirty days had passed since the original judgment was signed and no Motion for New Trial had been filed. *Rule 329b(a)*. The trial court may not enlarge the time for perfecting an appeal by entering a new judgment which simply affirms a former judgment. *See Anderson v. Casebolt*, 493 S.W.2d 509 (Tex.1973).

Appellant had thirty days, beginning July 26, 1984, to perfect an appeal. *See Rule 356*. Appellant failed to timely perfect its appeal; therefore, this court is without jurisdiction to hear this case. *See Anderson v. Casebolt, supra*. This appeal is hereby dismissed.

Appeal dismissed.