The STATE BAR OF TEXAS,
Appellant,

v.

Donald ROBERTS, Appellee.

No. 01–86–00602–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1986.

Steven D. Peterson, Gen. Counsel, Adele M. Winn, Asst. Gen. Counsel, Office of General Counsel, State Bar of Texas, Austin, for appellant.

No appearance for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

OPINION

EVANS, Chief Justice.

The State Bar of Texas brought this disciplinary action on October 3, 1985, asking that appellee, a licensed attorney, be "reprimanded, suspended, or disbarred as the facts shall warrant." The answer date was November 19, 1985, and on November 22, 1985, the State Bar obtained a default judgment, which disbarred the appellee. On March 20, 1986, appellee filed a motion to set aside the default judgment, which the trial court granted on March 26, 1986. On the new trial, the court, sitting without a jury, granted a take-nothing judgment in favor of the appellee. We reverse and remand.

The State Bar first contends that the trial court lacked jurisdiction to enter the order setting aside the default judgment, because the appellee failed to file an answer or a motion for new trial within the 30–day period specified in Tex.R.Civ.P. 329b.

The appellee's motion to set aside the default judgment and for new trial was filed pursuant to Tex.R.Civ.P. 306a, which

allows an extension of time for filing a motion for new trial. Rule 306a states:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

In his motions, the appellee claimed that he had not received notice of default, and that he had no actual knowledge of the default judgment until March 16, 1986, when he read of his disbarment in the Texas Bar Journal. Although he was outside the 30 days permitted for filing a motion for new trial by Tex.R.Civ.P. 239a, he claimed that Tex.R.Civ.P. 306a allowed an extension of time for filing his motion for new trial.

In *Mori Seiki Co. v. Action Machine Shop, Inc.*, 696 S.W.2d 414 (Tex.App.—Houston [14th Dist.] 1985, no writ), a default judgment was entered against the defendant on July 26, 1984, but he did not receive written notice until August 20, 1984. He then filed a motion for new trial on August 31, 1984, after the expiration of the 30–day period allowed for filing a motion for new trial under Rule 329b(a). The court of appeals affirmed the trial court's action, holding that the trial court had properly determined, under Rule 306a(4), that it had jurisdiction to rule on the motion for new trial.

We conclude that the decision in *Mori Seiki Co.* correctly applies Rule 306a(4). We accordingly hold that the trial court had jurisdiction to entertain the appellee's motion for a new trial.

The first point of error is overruled.

■ In its second point of error, the State Bar contends that the trial court's judgment based upon its implied finding that the appellee was not guilty of professional misconduct is against the great weight and preponderance of the evidence. The appellee has not filed a brief responding to this contention.

In the State Bar's petition for disciplinary action, it alleged that the appellee had failed to furnish information requested as required by art. X, sec. 7 of the State Bar Rules of the Supreme Court of Texas (reprinted in Tex.Rev.Civ.Stat.Ann., Appendix to Title 14 (Vernon Supp.1986)), which provides, in pertinent part:

> Discipline may be imposed for professional misconduct which includes:
>
> . . . .
>
> (4) Failure to furnish information requested by counsel, a grievance committee, or the review committee or to assert the grounds for failure to do so.

We sustain the State Bar's contention. The undisputed evidence, indeed the appellee's own testimony, showed that he did not respond to any of the letters from the State Bar informing him of two grievances filed against him that expressly requested that he furnish information regarding those grievances. The appellee was first notified of a grievance against him by letter from the State Bar's General Counsel, dated September 28, 1984, that requested a written response on or before 10 days from the date of the letter. A follow-up letter was mailed to appellee under date of October 18, 1984, that notified the appellee that in the absence of a written reply within seven days, the Grievance Committee would have no choice but to treat the unanswered allegations as fact and proceed accordingly. The appellee was referred to the State Bar rules requiring that he also send a copy of his response to the complainant. A certified mail receipt shows that this letter was delivered to appellee's office on October 22, 1984.

On March 1, 1985, the General Counsel notified appellee that he had failed to provide written response, as requested by the

earlier correspondence, and that his failure to respond by March 13, 1985, would result in a recommendation to the Grievance Committee that disciplinary action be taken due to his failure to provide the information requested. That letter was served on appellee on March 4, 1985. Similarly, appellee failed to respond to the General Counsel's letter dated November 26, 1984, regarding the other grievance, and to the General Counsel's follow-up letter dated January 11, 1985, served on appellee on January 14, 1985. Neither did appellee respond to the General Counsel's final letter dated February 4, 1985, advising him that unless he responded to that request by February 15, 1985, disciplinary action would be taken against him due to his failure to provide the information requested.

The appellee admits that he received these letters, and his only explanation for his failure to respond was that "most of the time," he received the letter "2 or 3 days" before the deadline required for a response. He testified that he did not consider that he could request an extension of time, and that he assumed that "at some stage," he would have an opportunity to appear before the Grievance Committee.

The State Bar General Counsel sent a final letter to appellee dated August 9, 1985, advising him that the Grievance Committee had determined that his conduct constituted professional misconduct, and had voted to take disciplinary action against him. Attached to the letter was a proposed agreed judgment, which provided that appellee had failed to furnish information requested and ordered that he be publicly reprimanded. The General Counsel's letter further advised appellee that unless he responded within 10 days, the State Bar would consider the proposal rejected and would refer the complaint to the General Counsel for filing of disciplinary action pursuant to art. X, sec. 14 of the State Bar Rules.

On October 3, 1985, the State Bar filed a disciplinary petition in this cause, alleging the particulars of appellee's failure to respond to inquiries as required, and asking that he be reprimanded, suspended, or disbarred as the facts might warrant. As stated above, the answer date was November 19, 1985, and on November 22, 1985, the State Bar obtained the default judgment, which the trial court later set aside. On December 5, 1985, appellee appeared before the State Bar Grievance Committee, in response to subpoena. In his testimony at the hearing before the trial court, the appellee acknowledged that in his appearance before the Grievance Committee, he had admitted to the committee that, "what I had done was somewhat inexcusable in failing to respond," and that he was "under a misimpression as to what the ramification for a failure to respond would be."

We agree with the State Bar's argument that the trial court's implied finding of the absence of professional misconduct is against the great weight and preponderance of the uncontradicted evidence. In essence, the appellee's only explanation for his failure to respond to the General Counsel's letters was that it was inconvenient for him to do so at that time, and that he did not understand the consequences that might result from his failure to do so. This does not constitute an adequate excuse for appellee's failure to perform his professional duty.

In a non-jury trial, we must use the same test for factual sufficiency as is applied to a jury's findings. *Hall v. Villarreal Development Corp.*, 522 S.W.2d 195 (Tex. 1975). When the trial court's findings on undisputed evidence are so against the great weight and preponderance of the evidence as to be manifestly wrong, we must reverse the judgment and remand the cause for a new trial. *J.O. Wittworth Estate v. Mangels of Texas Inc.*, 363 S.W.2d 851 (Tex.Civ.App.—Waco 1962, no writ).

The judgment of the trial court is reversed, and the cause is remanded for a new trial.