IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-493-CV





CHARLES T. CONAWAY,



 APPELLANT


vs.





JOSE LOPEZ,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, 



NO. 212,467, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 




PER CURIAM



 Appellant Charles T. Conaway seeks to appeal from a default judgment rendered
by the county court at law of Travis County in favor of appellee Jose Lopez. Lopez has filed a
motion to dismiss the appeal for lack of jurisdiction. We will grant the motion and dismiss the
appeal for want of jurisdiction.

 The trial court rendered judgment on May 26, 1992; therefore, a motion for new
trial was due no later than June 25, 1992. Tex. R. Civ. P. 329b(a). Conaway, however, filed
a sworn motion for new trial on July 27, 1992, asserting that he and his attorney first received
notice of the May 26th judgment on July 10, 1992. See Tex. R. Civ. P. 306a(4); Tex. R. App.
P. 5(b)(4). The trial court held a hearing on the motion for new trial and signed an order
overruling it on August 10, 1992.

 Conaway then filed his cost bond on appeal on August 24, 1992. See Tex. R. App.
P. 41(a). The Clerk of this Court received the transcript on September 21, 1992, and the
statement of facts on September 24, 1992. See Tex. R. App. P. 54(a). The procedural history
of the proceeding is set out in the appendix. Conaway timely filed the motion for new trial and
cost bond, and timely tendered the transcript and statement of facts only if he complied with the
requisites of Rules 306a and 5 to establish July 10th as the date on which he or his attorney
received notice of the judgment. Memorial Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987);
Thermex Energy Corp. v. Rantec Corp., 766 S.W.2d 402, 405 (Tex. App.--Dallas 1989, no writ)
(compliance with Rule 306a is jurisdictional).

 The appellate timetable runs from the date an adversely affected party or the
attorney receives notice or acquires actual knowledge of the signing of the judgment if, within
twenty days after a judgment is signed, the party or the attorney has not received notice from the
trial-court clerk or acquired actual knowledge of the judgment. Tex. R. Civ. P. 306(a)(4); Tex.
R. App. P. 5(b)(4); Hot Shot Messenger Serv. Inc. v. State, 798 S.W.2d 413, 414 (Tex.
App.--Austin 1990, writ denied). To benefit from these provisions, Conaway had to prove in the
trial court the date on which he or his attorney first received notice or acquired actual knowledge
of the signing of the judgment and that the date was more than twenty days after the judgment was
signed. Tex. R. Civ. P. 306a(5); Tex. R. App. P. 5(b)(5); Sur v. R.W. Otts, Inc., 800 S.W.2d
647, 648 (Tex. App.--Houston [14th Dist.] 1990, writ denied); Sabine Towing & Transp. Co. v.
Evans, 709 S.W.2d 783 (Tex. App.--Beaumont 1986, writ ref'd n.r.e.).

 The order overruling the motion for new trial does not include a finding regarding
the date of notice. Conaway had the burden to secure such a finding or to bring the omission to
the attention of the trial court. See Tex. R. App. P. 5(b)(s). On October 19, 1992, Conaway
obtained a finding from a different trial judge that Conaway and his attorney first received notice
of the judgment on July 10, 1992. Lopez argues that this finding does not establish this Court's
jurisdiction over the appeal because the trial court filed the finding after the expiration of its
plenary power over the cause. See Tex. R. Civ. P. 329b(e).

 Rule 306a affords a party who did not have notice or actual knowledge of a
judgment thirty days from the date he acquired such notice or knowledge to invoke the trial
court's plenary jurisdiction. Gillis, 741 S.W.2d at 365; see Pope v. Moore, 729 S.W.2d 125, 126
(Tex. App.--Dallas 1987, writ ref'd n.r.e.); Mori Seiki Co. v. Action Mach. Shop, Inc., 696
S.W.2d 414, 415 (Tex. App.--Houston [14th Dist.] 1985, no writ). In the instant cause, the trial
court had no jurisdiction to consider the motion for new trial unless Conaway established that he
first received notice of judgment on July 10, 1992. Tex. R. Civ. P. 306a(4),(5), 329b(d). 
Assuming that Conaway successfully met his burden under Rule 306a, the trial court's plenary
power expired on September 9, 1992, thirty days after the court overruled Conaway's motion for
new trial.

 Conaway has not, however, met his burden to obtain the requisite finding, pursuant
to Rule 5. Texas R. App. P. 5(b)(5) (1) provides, "The trial court shall find the date upon which
the party or his attorney first either received a notice of the judgment or acquired actual
knowledge of the signing of the judgment at the conclusion of the hearing and include this finding
in the court's order." (Emphasis added). By not obtaining a finding until October 19, 1992,
Conaway has not complied with Rule 5 which governs the extension of the appellate time limits. 
Tex. R. App. P. 5(b)(1); cf. Tex. R. Civ. P. 306a(1). Accordingly, we conclude that Conaway
did not perfect an appeal timely.

 For the preceding reasons, we grant Lopez's motion to dismiss the appeal for want
of jurisdiction. The appeal is dismissed for want of jurisdiction.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Appeal Dismissed

Filed: December 9, 1992

[Publish]


APPENDIX





May 26, 1992 Honorable Steve Russell, Judge of the County Court at Law No. 2 of
Travis County renders a default judgment against Conaway.


July 7, 1992 County clerk sends notice of the judgment.


July 27, 1992 Conaway files a motion for new trial asserting, in pertinent part,that he or
his attorney first received notice of judgment on July 10, 1992.


August 10. 1992 Judge Russell hears the motion for new trial and signs an order overruling
the motion. The statement of facts from this hearing does not include
evidence as to the date of notice of judgment. The motion for new trial is,
however, verified.


August 24, 1992 Conaway files his cost bond on appeal.


September 21, 1992 This Court receives the transcript which does not show the date on which
Conaway filed his motion for new trial. The Clerk of the Court does not
file the transcript because it does not indicate whether Conaway timely
perfected the appeal.


October 12, 1992 This Court receives a supplemental transcript containing a copy of the
motion for new trial that shows the date of filing.


October 13, 1992 The Clerk of the Court sends notice that the supplemental transcript was
"received" and that the record cannot be filed because the transcript does
not include an order regarding the date on which Conaway or his attorney
first received notice of the judgment.


October 19, 1992 The Honorable J. David Phillips, Judge of the County Court at Law No.
1 of Travis County, signs an order finding that Conaway and his attorney
received notice of the judgment on July 10, 1992. The order refers to the
hearing on the motion for new trial on August 10, 1992.


October 21, 1992 This Court receives the supplemental transcript containing the order signed
on October 19, 1992.


October 22, 1992 Lopez files a motion to dismiss the appeal for lack of jurisdiction.

1.   The Supreme Court of Texas added the quoted language to Rule 5 by order of April
24, 1990, effective September 1, 1990. The court did not similarly amend Rule 306a. Tex.
R. App. P. 5, 53 Tex. B.J. 607 (Tex. 1990).