PCA Health Plan of Tex., Inc. v. McInnis 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-609-CV





PCA HEALTH PLAN OF TEXAS, INC.,



 APPELLANT


vs.





MARTA McINNIS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 216,201, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 




PER CURIAM

 Appellee Marta McInnis has filed a motion to dismiss this appeal because the
transcript was not filed timely. Tex. R. App. P. 60(a)(1). The transcript was tendered for filing
with the Clerk of this Court November 18, 1993. Because a request for findings of fact and
conclusions of law was filed, the transcript was due by September 30, 1993, one hundred twenty
days after the judgment was signed. Tex. R. App. P. 54(a). A motion for extension of time for
late filing the transcript was due by October 15, 1993, fifteen days after the last date for filing the
record. Tex. R. App. P. 54(c); see B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860,
862 (Tex. 1982). Appellant PCA Health Plan of Texas, Inc.'s motion for extension of time for
late filing the transcript was filed on November 18, 1993.

 PCA claims that the trial court signed the final judgment on July 8, 1993, the date
the judgment was stamped "filed" by the county clerk of Travis County, instead of June 2, 1993,
the date the judgment recites it was signed. If the judgment was signed on July 8, 1993, PCA's
motion for extension of time for late filing the transcript would be timely. In the alternative, PCA
claims it had no notice of the June 2, 1993, judgment. See Tex. R. Civ. P. 306a(4); Tex. R. App.
P. 5(b)(4). We reject both of PCA's arguments.

 PCA judicially admits in both its certificate of cash deposit filed on June 22, 1993,
and its notice of appeal filed on June 18, 1993, that the trial court's judgment was "entered" on
June 2, 1993. PCA also admits in its December 3, 1993, brief that its counsel received a
facsimile transmission on June 28, 1993, of a judgment with the notation "/s/ Judge Phillips." 
After receiving this document, PCA claims its counsel contacted counsel for McInnis, but did
nothing further to verify the date the county-court judgment was signed. PCA alleges it first
received a copy of the final judgment bearing the judge's original signature when its counsel
inspected the transcript.

 No credible evidence exists to show that the judgment was signed on any date other
than June 2, 1993. The July 8, 1993, file stamp is not probative of the date the county court
signed the judgment because proposed judgments need not be filed with the clerk. Furthermore,
PCA has not complied with Texas Rule of Civil Procedure 306a(5) and Texas Rule of Appellate
Procedure 5(b)(5) by obtaining a finding from the trial court regarding the date PCA first either
received a notice of the judgment or acquired actual knowledge. See Conaway v. Lopez, 843
S.W.2d 732, 733-34 (Tex. App.--Austin 1992, no writ).

 McInnis' motion to dismiss the appeal is meritorious and we grant it. Tex. R. App.
P. 54(a). PCA's motion for extension of time for late filing the transcript is overruled.

 The appeal is dismissed.


Before Justices Powers, Jones and Kidd

Appeal Dismissed

Filed: February 2, 1994

Do Not Publish