TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00041-CV







Bob Matyastik, Appellant



v.



State of Texas, Appellee







FROM THE COUNTY COURT OF MILAM COUNTY 


NO. 7337, HONORABLE ROGER HASHEM, JUDGE PRESIDING







PER CURIAM


 Appellant Bob Matyastik moves this Court to continue his appeal from a judgment
rendered on April 19, 1993. He perfected his appeal on January 17, 1995, twenty months after
the judgment was signed. Matyastik claims that he has good cause to continue the appeal because
he first learned of the judgment in December of 1994. 

 Generally, an appeal must be perfected within thirty days after the judgment is
signed. Tex. R. App. P. 41(a)(1). When a person adversely affected by a judgment does not
receive notice of the judgment within twenty days after it was signed, Texas Rule of Appellate
Procedure 5(b)(4) provides that the beginning of the appellate time period shall be the date that
the person actually received notice. See Conaway v. Lopez, 843 S.W.2d 732, 733 (Tex.
App.--Austin 1992, no writ). However, rule 5(b)(4) further provides that in no event shall the
period begin more than ninety days after the original judgment or other appealable order was
signed. Here, since the judgment was signed eighteen months before Matyastik learned of it, rule
5(b)(4) does not apply. (1) 

 The timely perfection of an appeal is jurisdictional. See Davies v. Massey, 561
S.W.2d 799, 801 (Tex. 1978). This Court does not have jurisdiction to extend the appellate
timetables without a timely filed motion. See Tex. R. App. P. 40(a)(2); Glidden Co. v. Aetna
Casualty & Sur. Co., 291 S.W.2d 315, 318 (Tex. 1956); Fite v. Johnson, 654 S.W.2d 51, 52
(Tex. App.--Dallas 1983, no writ). Since Matyastik's appeal was not timely perfected, we deny
his motion to continue and dismiss his appeal for want of jurisdiction. See Tex. R. App. P.
60(a)(2).


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 8, 1995

Do Not Publish

1.   Further, if rule 5(b) did apply, the correct procedure is to initiate a proceeding in
the trial court to determine the date upon which notice was received. Tex. R. App. P.
5(b)(5); Conaway v. Lopez, 843 S.W.2d 732, 733 (Tex. App.--Austin 1992, no writ).