TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00210-CV








Patrick E. Conely, Appellant




v.




Grace Kennedy, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 94-02757, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








PER CURIAM


 Appellant Patrick E. Conely tendered a transcript to this Court, seeking to appeal
an adverse summary judgment. The Clerk of this Court did not file the transcript because it did
not show that Conely had timely perfected his appeal. 

 An appeal must ordinarily be perfected within thirty days of the date the trial court
signs a judgment. A request for findings of fact and conclusions of law will extend the appellate
deadline if the request is filed in an appropriate case. Tex. R. App. P. 41(a)(1). See Tex. R. Civ.
P. 296 (party shall timely file request for findings of facts and conclusions of law within twenty
days after judgment signed). Because findings of fact and conclusions of law have no place in a
summary judgment proceeding, a request for findings of fact and conclusions of law does not
extend the deadline to appeal a summary judgment. Linwood v. NCNB Tex., 885 S.W.2d 102,
103 (Tex. 1994).

 The trial court signed the summary judgment that is the subject of this appeal on
January 5, 1995. Conely filed his affidavit of inability to pay and request for findings of fact and
conclusions of law on March 6, 1995. Since the request for findings of fact does not extend the
appellate timetable, the appeal should have been perfected by February 6, 1995.

 Conely's motion to continue the appeal asserts that he did not receive actual notice
of the judgment until late February. When a person adversely affected by a judgment receives
notice of the judgment more than twenty and less than ninety days after it was signed, the
beginning of the appellate time period shall be the date that the person actually received notice. 
See Tex. R. App. P. 5(b)(4); Conaway v. Lopez, 843 S.W.2d 732, 733 (Tex. App.--Austin 1992,
no writ). However, to take advantage of the extended appellate timetable for want of notice, the
appellant must initiate a proceeding in the trial court to determine the date upon which notice was
received. Tex. R. App. P. 5(b)(5); Conaway, 843 S.W.2d at 733. The issue of the date Conely
received notice is a fact issue that the trial court must decide after a hearing; an appellate court
cannot make that factual determination. Memorial Hosp. v. Gillis, 741 S.W.2d 364, 366 (Tex.
1987).

 A timely-filed perfecting instrument is jurisdictional. See Davies v. Massey, 561
S.W.2d 799, 801 (Tex. 1978). We cannot continue the appeal unless the transcript shows that
the appeal is timely perfected, and we cannot determine that the appeal was timely perfected in
the absence of a trial court determination of the date Conely actually received notice. 
Accordingly, we dismiss this appeal for want of jurisdiction. See Tex. R. App. P. 60(a)(2).


Before Justices Powers, Kidd and B. A. Smith

Dismissed

Filed: May 31, 1995

Do Not Publish