# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00609-CV

**Appellants, Monarch Business Equipment, Inc., a Texas Corporation; Monarch Assets, Inc., a Texas Corporation; and Richard C. Peters, III a/k/a Rick Peters, Individually//Cross-Appellants, State of Texas, City of Dallas, Texas and Transit Authority of Dallas, Texas**

**v.**

**Appellees, State of Texas, City of Dallas, Texas and Transit Authority of Dallas, Texas//Cross-Appellees, Monarch Business Equipment, Inc., a Texas Corporation; Monarch Assets, Inc., a Texas Corporation; and Richard C. Peters, III a/k/a Rick Peters, Individually**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GV104136, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed its final judgment on July 16, 2004.  On August 27, appellants filed a motion pursuant to rule 306a(5), averring that they did not receive notice of the judgment until more than twenty days after it was signed.  Appellants asked the trial court to determine that notice was not received until August 19 and that all timetables should therefore run from that date. Appellants filed their notice of appeal on September 17, which would be timely only if the timetables run from August 19.  Appellees have filed a motion to dismiss the appeal, contending that the notice

of appeal was not timely filed. Appellants have asked this Court to abate the appeal for a hearing before the trial court on their motion.[1]

Rule 306a(5) allows a party to establish that he or she received late notice of a final judgment and thereby restart the running of the appellate and other timetables. Tex. R. Civ. P. 306a(5). Under that rule, an appealing party "is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Id*. The rules of appellate procedure reference rule 306a(5) and state that, "[a]fter hearing the [rule 306a(5)] motion, the trial court must sign a written order that finds the date when the party or the party's attorney" received notice. Tex. R. App. P. 4.2(c).

Appellants filed a properly sworn rule 306a(5) motion. However, the record does not show and appellants do not contend that they set or tried to set the motion for a hearing or that the trial court refused to sign a written order on their motion. Appellants, who sought to restart the appellate timetable, had the responsibility of setting their motion for a hearing and obtaining a written order. *Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex. App.—Austin 1998, pet. denied) ("Even if Grondona had offered prima-facie evidence during the court's plenary power, he failed to

---

[1] Appellants refer to a letter sent by the Clerk of this Court asking the trial court clerk to send a supplemental clerk's record including an order on appellants' motion to determine when they received notice of the final judgment. In that letter, the Clerk stated that if the supplemental record was not filed by January 21, the matter would "be referred to the Court for an order." Appellants take that to mean that if no order on their motion was sent to this Court, we would refer the case to the trial court for an order. However, the intent of that sentence was to notify the trial court clerk that if a supplemental record was not filed by January 21, we would order the trial court to file the supplemental record, rather than simply requesting it.

obtain a ruling on his motion within that period."); *see Moore Landrey*, *L.L.P. v. Hirsch & Westheimer*, *P.C.*, 126 S.W.3d 536, 541-42 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("In order to benefit from rule 306a(4) and (5), therefore, Moore Landrey not only had to file its rule 306a(5) motion by June 14, 2002, which it did, but also had to obtain a ruling on its motion by June 14, 2002, which it did not."); *see also Conaway v. Lopez*, 843 S.W.2d 732, 733 (Tex. App.—Austin 1992, no writ) (Conaway filed rule 306a(5) motion and motion for new trial, but order overruling motion for new trial did not make finding regarding date of notice; "Conaway had the burden to secure such a finding or to bring the omission to the attention of the trial court."). Appellants failed to do so, and therefore did not establish that the timetables should run from any date other than the signing of the judgment. Under that timetable, appellants' notice of appeal was filed more than thirty days after the deadline and we are obliged to dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   April 14, 2005

3