Opinion issued May 3, 2007













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00347-CV






TEJAS TOYOTA, INC., Appellant


V.


LISA COFFMAN, Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2002-17199






MEMORANDUM OPINION

 Appellant, Tejas Toyota, Inc. (Tejas), appeals the trial court's judgment
awarding actual damages and attorney's fees to appellee Lisa Coffman in her lawsuit
against Tejas for negligence, breach of warranty, and violation of the Deceptive
Trades Practices-Consumer Protection Act (DTPA) (1) in connection with damages
allegedly resulting from an oil change. In five issues, Tejas complains that (1) the
trial court erred in excluding evidence of the prior condition of the automobile, (2)
the evidence was factually insufficient to support an implied finding that the oil
change was the producing or proximate cause of the damages, (3) the evidence was
factually insufficient to support the amount of the damages award, (4) the trial court
erred in finding that the amount of attorney's fees was reasonable and necessary, and
(5) the evidence was factually insufficient to support the amount of the attorney's fees
awarded. We affirm.

BACKGROUND


 On December 20, 2000, Coffman took her 1996 Toyota Camry to Tejas's
service department for a routine oil change. Duc Luong, a mechanic with Tejas,
testified by deposition that he changed the oil and did a tune-up on Coffman's car and
that, when she drove away, her motor was in good condition. After the oil change,
she drove home, but when she got there, she saw that smoke was coming from under
the hood. She called Tejas and was told that the smoke was caused by oil that had
spilled on the engine. The next day she drove to Hockley, Texas for a job interview. 
As she arrived in Hockley, she noticed that the car's oil light was flickering. She
called Tejas again to report the problem and was told to bring the car to the shop. She
was also told that the car had oil in the engine as long as the light flickered, but that,
if it came on and stayed on, she should call and the dealership would send a tow truck
to bring the car to the shop. As she proceeded directly to Tejas, which was in
Humble, Texas, the oil light came on and stayed on. She called Tejas, and it sent the
tow truck. Tejas refused to lend Coffman a car, and she missed her job interview. 

 Mike Davidson, a team leader at Tejas, told Coffman that the problem had been
caused by a dipstick that had not been returned to the engine after the oil change. 
Don Waters, the service manager, said that a gasket or seal had not been put on. 
Tejas replaced the gasket and the dip stick, and Coffman drove the car home. 
However, after that time, Coffman had to put oil in her engine about twice a week,
and the car smelled strongly of burnt oil. The engine was also noisy and eventually
began making a noise that Coffman described as "like a lawnmower." She
complained to Tejas, both by telephone and in writing, to no avail. She stopped
driving the car in May 2001, and in June 2001 she took the car to another Toyota
dealer, who replaced the engine and performed some other maintenance. Work on
the car was completed by November, but, because Coffman did not have the money
to pay for the work, the dealer agreed to keep it on the premises for a time. Coffman
paid the dealer and retrieved her car in February 2002. Coffman then filed this law
suit.

 The case was tried to the court, which rendered judgment in Coffman's favor
and made findings of fact and conclusions of law. 

DISCUSSION


Standard of Review

 We review a trial court's evidentiary rulings for abuse of discretion. Interstate
Northborough P'ship v. State, 66 S.W.3d 213, 220 (Tex. 2001). To obtain a reversal,
an appellant must show that a trial court's error in admitting or excluding evidence
probably resulted in an improper judgment. Id. Generally, to prevail, an appellant
must show that the judgment turned on the evidence that was excluded or admitted. 
Id. Error in admitting or excluding evidence is not usually reversible if the evidence
is cumulative. Id. 

 When appealing a judgment after a bench trial, the appellant must challenge the
sufficiency of the evidence to support the trial court's findings or the findings are
binding on the appellate court. IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938
S.W.2d 440, 445 (Tex. 1997). If the appellant challenges the findings, the appellate
court will review the sufficiency of the evidence to support the findings in the same
manner it reviews a jury's findings in a jury trial. Escobar v. Escobar, 728 S.W.2d
474, 475 (Tex. App.--San Antonio 1987, no writ); State Bar v. Roberts, 723 S.W.2d
233, 235 (Tex. App.--Houston [1st Dist.] 1986, no writ). In reviewing the factual
sufficiency of the evidence, the court must consider all evidence in the record, both
in support of, and contrary to, the finding. Lofton v. Texas Brine Corp., 720 S.W.2d
804, 805 (Tex. 1986). 

 Tejas does not challenge the following findings of fact. Thus, they are binding
on this court. 

 1. On or about December 20, 2000, Plaintiff took her car to
Defendant for an oil change. 


 . . . .


 3. The oil change was improperly performed. 


 4. Following the oil change, the engine smoked, the car had
to be returned to Defendant by wrecker, and subsequently required
engine replacement. 


 5. Defendant made representations to Plaintiff concerning the
repair and subsequent damage cause to her car following its return by
wrecker. 


 6. Defendant refused to assist Plaintiff with replacement or
cost of replacement when the car subsequently failed and demand was
made upon it. 


 7. Defendant engaged in an unconscionable course of action
toward Plaintiff. 


Exclusion of Evidence

 In its first issue, Tejas contends that the trial court erred in excluding
Defendant's Exhibit 3 (DX-3), which, according to Tejas, was evidence of repairs the
car needed as of April 2000. Tejas complains generally about the exclusion of other
documents, but no other exhibits are specifically identified as erroneously excluded. 
Tejas asserts that DX-3 showed that needed repairs included oil pan and rear main
seal oil leaks. 

 At trial, when Tejas offered DX-3, Coffman objected. Coffman also objected
to Defendant's Exhibit 9 (DX-9), an estimate by a Tejas service representative of
repairs needed to Coffman's car on December 20, 2000 when she brought the car in
for an oil change. After examining both exhibits, the trial court sustained the
objection to DX-3, but admitted DX-9. DX-3 is not in the appellate record.

 To show error by a trial court's exclusion of evidence, the substance of the
evidence must be made known to the trial court by an offer of proof or must be
apparent from the context of the offer. Tex. R. Evid. 103(a)(2). The primary purpose
of the offer of proof is to enable the reviewing court to determine whether the
exclusion was erroneous and, if so, whether it was harmful. Fletcher v. Minn. Mining
& Mfg. Co., 57 S.W.3d 602, 608 (Tex. App.--Houston [1st Dist.] 2001, pet. denied). 
Therefore, an effective offer of proof must be specific enough that the reviewing
court can determine admissibility and harm. Coleman v. Coleman, 170 S.W.3d 231,
239 (Tex. App.--Dallas 2005, pet. denied). 

 In this case, the trial court did not exclude all evidence of the prior condition
of Coffman's car. The court stated that it would exclude documents related to the
condition of the car prior to December 2000, but that the document related to the
condition of the car at the time it was brought to Tejas was relevant. That document,
DX-9, was admitted into evidence. Because it is not in the appellate record, we have
no way of reviewing DX-3. Therefore, we cannot say that the trial court abused its
discretion in excluding that document. Accordingly, we overrule Tejas's first issue. 

Implied Finding of Producing Cause

 In its second issue, Tejas contends that the evidence was factually insufficient
to support an implied finding that the oil change was the producing or proximate
cause of Coffman's damages. Tejas quotes a portion of rule 299 of the Texas Rules
of Civil Procedure, which provides in pertinent part: 

 The judgment may not be supported upon appeal by a presumed finding
upon any ground of recovery or defense, no element of which has been
included in the findings of fact; but when one or more elements thereof
have been found by the trial court, omitted unrequested elements, when
supported by evidence, will be supplied by presumption in support of
the judgment. 


Tex. R. Civ. P. 299. Tejas concedes that the trial court found one or more elements
of a negligence cause of action and at least one element of a DTPA cause of action. 
It therefore follows that we may presume a finding of proximate or producing cause
if such a finding is supported by the evidence. Tejas argues that there is no evidence
to support such a presumed finding. 

 No election of remedies appears in the record. Both parties discuss the
presumed-finding issue as it relates to negligence and DTPA. However, Coffman
requested attorney's fees in connection with her DTPA cause of action, and the trial
court awarded them. Therefore, we presume that the trial court's award of actual
damages was under Coffman's DTPA cause of action. 

 The elements of a DTPA cause of action are (1) the plaintiff is a consumer; (2)
the defendant engaged in false, misleading, or deceptive acts, breached an express or
implied warranty, or engaged in an unconscionable action or course of action; and (3)
these acts constituted a producing cause of the consumer's damages. See Tex. Bus.
& Com. Code Ann. § 17.50(a) (Vernon Supp. 2006); see also Doe v. Boys Clubs, 907
S.W.2d 472, 478 (Tex. 1995) (stating elements of DTPA cause of action with regard
to false, misleading, or deceptive acts or practices). In her petition under causes of
action for violation of the DTPA, Coffman alleged breach of express and implied
warranties, misrepresentations regarding the quality of Tejas's work, and
unconscionable conduct. The trial court's finding of fact number 1 established
Coffman's status as a consumer. Finding numbers 3 and 4 support Coffman's claim
that Tejas breached its implied warranty to make repairs in a good and workmanlike
manner. Finding number 5 supported Coffman's allegation that Tejas misrepresented
the quality of its work. Because Tejas did not challenge these four findings, they are
binding on this Court as evidence to support two elements of Coffman's DTPA cause
of action. We must determine whether there is any evidence to support a presumed
finding that any act by Tejas was a producing cause of Coffman's damages. 
"Producing cause requires that the act be both a cause-in-fact and a 'substantial
factor' in causing the damages." Carousel's Creamery, L.L.C. v. Marble Slab
Creamery, Inc., 134 S.W.3d 385, 399 (Tex. App.--Houston [1st Dist.] 2004, pet.
dism. by agr.).

 Tejas challenges finding of fact number 2, which states,"The car was in good
condition at the time it was presented to Defendant." Tejas argues that Coffman had
complained previously about smoke coming from the car and that Coffman would not
permit Tejas to make repairs it recommended when she brought the car to it for the
oil change. Tejas contends that this evidence negated a presumed finding that the oil
change caused Coffman's damages. 

 Coffman controverted Tejas's testimony by stating that she had previously
complained about smoke coming from the tailpipe, not from the engine. She also
testified that Waters had told her that a seal had been left off and they were going to
replace it. Luong, Tejas's mechanic, testified that the only work he did on Coffman's
car was the oil change and a tune-up and that the motor was in good condition when
she drove away from the dealership. 

 The trial court, as fact finder, was free to believe or disbelieve any witnesses'
testimony in whole or in part. Miller v. Kendall, 804 S.W.2d 933, 939 (Tex.
App.--Houston [1st Dist.] 1990, no writ). We hold that the testimony of Coffman
and Luong was sufficient to support the trial court's finding that the car was in good
condition when it was presented to Tejas. Therefore, Tejas's evidence of Coffman's
previous complaint regarding smoke from the car did not negate a presumed finding
of producing cause. 

 Bernard Toomey, president of Tejas, testified that Coffman's car was not in
immediate danger when it was brought to the shop for the oil change and that it was
not in danger from not having the recommended repairs done. He further testified
that if there had been anything that could have caused a problem the next day, they
would have told Coffman. 

 Davidson testified that he checked the car after it was towed to the shop and
found that the dip stick was missing and the oil was low. He also found oil on the
engine. He stated that he replaced the dip stick, added oil, and cleaned the engine
with a degreaser. However, a letter from Tejas's attorney to Coffman's attorney,
Plaintiff's Exhibit 6, stated that "no problem was detected upon replacing the gasket
which allowed oil to leak after servicing Ms. Coffman's automobile." This letter
corroborated Coffman's testimony that Waters had told her that a seal had been left
off and they were going to replace it. 

 We hold that Coffman's testimony regarding the missing seal, Davidson's and
Luong's testimony regarding the condition of the car, and the admission in Plaintiff's
Exhibit 6 are evidence supporting a presumed finding that Tejas's work on Coffman's
car and the misrepresentations regarding that work were the producing cause of
Coffman's damages. Accordingly, we overrule Tejas's second issue. 

Economic Damages

 In its third issue, Tejas contends that there is factually insufficient evidence to
support the amount of the economic damages awarded. Tejas challenges finding of
fact number eight, which provides:

 8. The cost of a new engine was $2,579.80, which Plaintiff
had to save, and therefore she was without a car for 40 weeks. The
reasonable cost for renting a comparable vehicle in Houston is $120.00
per week, or $4,800.00 for the period of loss of use. 


 The judgment awarded Coffman $7,379.80 in economic damages. Tejas argues
that Coffman's car was in the shop for 268 days, or 38.28 weeks, and, therefore, she
should receive $4,594.29 for loss of use of her car rather than $4,800. However,
Coffman testified that she stopped driving her car approximately one month before
taking it to a dealer to replace the engine. The trial court could have considered some
of this time in finding that Coffman lost the use of her car for 40 weeks. We conclude
that the evidence was sufficient to support finding of fact number eight. We overrule
Tejas's third issue. 

Attorney's Fees

 In its fourth issue, Tejas contends that the trial court erred in finding that the
amount of attorney's fees awarded was reasonable and necessary. In its fifth issue,
Tejas asserts that the evidence was factually insufficient to support the amount of the
award. Tejas challenges finding of fact number 9, which provides:

 9. A reasonable and necessary fee for the work performed by
Plaintiff's attorney through the trial of this case is $21,000.00; work in
the event of an appeal to the Court of Appeals, $6,000.00; and in the
event of an appeal to the Supreme Court of Texas, $3,000.00. 


Tejas complains that Coffman's attorney, the only witness regarding attorney's fees,
was an interested party. 

 The trial court awarded $30,000 in attorney's fees, which included appellate
fees, and provided that, if the judgment were not appealed, the judgment would be
"credited with $9,000, leaving a recovery of $21,000.00," and if the judgment were
appealed to the court of appeals, but not the supreme court, the judgment would be
"credited with $3,000.00, leaving a recovery of attorney's fees in the amount of
$27,000.00." Tejas argues that this recovery is more than 300% of the economic
damages recovered and would be unconscionable if paid by the client. 

 To recover attorney's fees under the DTPA, a plaintiff must prove that the fees
were reasonable and necessary. Arthur Andersen & Co. v. Perry Equip. Corp., 945
S.W.2d 812, 819 (Tex. 1997). The determination of reasonable and necessary
attorney's fees is a question for the trier of fact. See id. (stating that jury must decide
question of attorney's fees). In this case, the trial court was the finder of fact; we
review the trial court's findings regarding attorney's fees for factual sufficiency. See
Checker Bag Co. v. Washington, 27 S.W.3d 625, 640 (Tex. app.--Waco 2000, pet.
denied) (reviewing attorney's fees for sufficiency of the evidence).

 Coffman's attorney's time records for the case were admitted into evidence. 
Counsel testified regarding the time and labor involved in the case; her hourly fee of
$200, which, she said, was lower than similarly qualified attorneys and was a
contingent-hourly fee; and her experience, reputation, and ability as a board certified
consumer lawyer. She further testified that, in her opinion, her fee was reasonable
and necessary. Tejas's attorney cross-examined Coffman's attorney and questioned
her about the fact that she prepared for each setting in the case, even though there
were some resets. Although some of his questions implied that not all of the
preparation was necessary, he did not present any evidence to contradict her
testimony. 

 When the testimony of an interested witness is not controverted, and the
testimony is clear, direct, positive, and free from contradiction and inaccuracy, it is
generally taken as true, as a matter of law. Van Waters & Rogers, Inc. v. Quality
Freezers, Inc., 873 S.W.2d 460, 464 (Tex. App.--Beaumont 1994, writ denied). In
a DTPA case, the ratio between the actual damages awarded and the attorney's fees
is not a factor that determines the reasonableness of the fees. See, e.g., Seabury
Homes, Inc. v. Burleson, 688 S.W.2d 712, 716 (Tex. App.--Fort Worth 1985, no
writ) (affirming award of $15,000 in attorney's fees and award of $2,000 in damages,
trebled to $6,000); Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725, 730 (Tex.
App.--Houston [14th Dist.] 1983, no writ) (suggesting remittiture of $8,500 of
attorney's fee award of $28,500, resulting in attorney's fee award of $20,000, and
award of $500 in actual damages). 

 We conclude that the evidence was factually sufficient to support the trial
court's finding that the fees awarded were reasonable and necessary and in awarding
$21,000 in attorney's fees for the trial, plus additional fees contingent on appeal. 
Accordingly, we overrule Tejas's fourth and fifth issues. 

CONCLUSION


 We affirm the judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley. 
1. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (Vernon 2002 & Supp. 2006).