TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00627-CV






Linda Giesenschlag Brower and Ted Larson, Appellants


v.


Jack Giesenschlag, Appellee






FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. C2010-0071A, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING




O R D E R


PER CURIAM

 Appellee Jack Giesenschlag has filed a motion to dismiss this appeal for lack of
jurisdiction. Appellants Linda Brower and Ted Larson seek to appeal from the trial court's order in
a private termination proceeding involving Larson's parental rights to his son, R.L. Giesenschlag,
R.L.'s maternal grandfather, filed suit seeking to terminate Larson's parental rights and appointment
as sole managing conservator of R.L. (1) Brower, R.L.'s maternal grandmother and Giesenschlag's ex-wife, intervened in the suit to seek grandparent access to or possession of R.L. See Tex. Fam. Code
Ann. § 153.433 (West Supp. 2010).

 After a bench trial on June 28, 2010, the trial court issued an order terminating
Larson's parental rights, denying Brower's petition for grandparent access or possession, and
appointing Giesenschlag as sole managing conservator of R.L. Neither Brower nor Larson were
represented by counsel at the time of trial, and no attorney ad litem was appointed to represent the
interests of R.L. According to the trial court's order, Larson "did not appear and wholly made
default." The record reflects that Larson was incarcerated at the time of trial and had filed a pro se
request for a continuance until such time as he could be present. Brower appeared at trial and made
an oral request for a continuance, which the trial court denied. After her request was denied, Brower
indicated that she did not want to remain in the courtroom. After a recess, the trial court came back
on the record and stated, "It's my understanding that [Brower] has left?" Giesenschlag's counsel
responded, "She has. She indicated to me that she did not want to participate in the hearing." The
trial court then heard evidence from Giesenschlag before terminating Larson's parental rights,
denying Brower's petition for grandparent access, and appointing Giesenschlag as sole managing
conservator of R.L.

 On September 3, 2010, Brower and Larson filed a pro se notice of appeal, bearing
both of their signatures. (2) The notice of appeal states that Brower and Larson seek to appeal from
"the final judgment entered in this action on the 3rd day of August 2010." However, the final
judgment in this case was signed and filed on June 28, 2010. (3) 

 Because this is an appeal from a case in which the termination of parental rights is
in issue, the procedural rules for an accelerated appeal apply. See id. § 109.002(a) (West 2008). 
Family code section 109.002(a) provides, in relevant part:


 

An appeal in a suit in which termination of the parent-child relationship is in issue
shall be given precedence over other civil cases and shall be accelerated by the
appellate courts. The procedures for an accelerated appeal under the Texas Rules of

Appellate Procedure apply to an appeal in which the termination of the parent-child
relationship is in issue.



Id. The fact that Brower appeals only the denial of grandparent access and possession does not alter
the accelerated nature of her appeal, as the underlying suit is one in which "termination of the parent-child relationship is in issue." Id.; see also In re K.A.J., No. 10-07-00110-CV, 2007 Tex. App.
LEXIS 4629, at *1-3 (Tex. App.--Waco June 13, 2007, no pet.) (mem. op.) (applying accelerated
appeal deadlines to appeal by party seeking grandparent access in private termination case). 

 In an accelerated appeal, the notice of appeal must be filed within twenty days after
the judgment or order is signed. Tex. R. App. P. 26.1(b). Post-judgment motions, such as a motion
for new trial, do not extend the deadline for perfecting an accelerated appeal. See Tex. R. App.
P. 28.1(b). Because the order of termination was signed June 28, 2010, the notice of appeal was due
July 18, 2010. Had the notice of appeal been filed within fifteen days of that deadline, or by
August 2, 2010, we would have treated the notice of appeal as timely filed, with a timely motion for
extension of time having been implied. See Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)
(holding that when party makes good-faith attempt to invoke appellate court's jurisdiction, motion
for extension of time to file notice of appeal is necessarily implied); see also Tex. R. App. P. 26.3
(appellate court may extend deadline to file notice of appeal if motion for extension of time is filed
within 15 days of filing deadline). However, "once the period for granting a motion for extension
of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." 
Verburgt, 959 S.W.2d at 617. Here, the notice of appeal was not filed until September 3, 2010, well
past both the twenty-day deadline for filing a notice of accelerated appeal and the additional fifteen-day window for filing a motion for extension of time.

 On February 14, 2011, this Court notified Larson and Brower that the notice of appeal
appeared to be untimely filed. Larson and Brower filed a response, attaching affidavits stating that
they did not receive notice that the trial court had issued an order terminating Larson's parental rights
and denying Brower's request for grandparent access until August 3, 2010. Larson and Brower argue
that because they did not receive notice of the trial court's order until August 3, 2010, the appellate
deadlines were extended under Texas Rule of Appellate Procedure 4.2. See Tex. R. App. P. 4.2. 
Rule 4.2 provides that when a party does not receive notice or acquire actual knowledge of a
judgment or other appealable order within twenty days of the date the judgment or order is signed,
appellate deadlines will not begin to run until the date the party receives notice or acquires actual
knowledge of the judgment, for a maximum extension of 90 days. Id. Thus, if Larson and Brower
did not receive notice or have actual knowledge of the trial court's order until August 3, 2010, the
deadline for filing notice of an accelerated appeal would have been August 23, 2010, and the fifteen-day window for an implied extension of time would have allowed the notice of appeal to be timely
filed until September 7, 2010. Because Brower and Larson filed their notice of appeal on September
3, 2010, their notice of appeal would have been timely filed.

 However, Rule 4.2 also provides that "[t]he procedure to gain additional time is
governed by Texas Rule of Civil Procedure 306a.5." Id. Rule 306a.5 states that in order to establish
lack of proper notice or knowledge of a judgment or order,

the party adversely affected is required to prove in the trial court, on sworn motion
and notice, the date on which the party or his attorney first either received a notice
of the judgment or acquired actual knowledge of the signing and that this date was
more than twenty days after the judgment was signed.



Tex. R. Civ. P. 306a.5. Rule 4.2 also requires the trial court, after hearing the party's Rule 306a.5
motion, "to sign a written order that finds the date when the party or the party's attorney first either
received notice or acquired actual knowledge that the judgment or order was signed." Tex. R. App.
P. 4.2(c). The 306a.5 motion must be filed before the trial court's plenary power expires, measured
from the date of actual notice or knowledge. In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006); John
v. Marshall Health Servs., 58 S.W.3d 738, 741 (Tex. 2001). In the present case, if the date of actual
notice was August 3, 2010, the trial court's plenary power would have expired 30 days later, on
September 2, 2010. See Tex. R. Civ. P. 329b(d). Even if Brower or Larson had filed a timely post-judgment motion sufficient to extend the trial court's plenary power, such motion would have been
overruled by operation of law no later than November 2010, and the trial court's plenary power
would have expired no later than December 2010. See Tex. R. Civ. P. 329b(e), (f).

 The record before us contains no indication that Brower or Larson filed a 306a.5
motion in the trial court prior to the expiration of the trial court's plenary power, or that the trial
court made the finding required by Rule 4.2(c). Compliance with these rules is a jurisdictional
prerequisite, and the party seeking to extend appellate time limits bears the burden of obtaining the
requisite finding from the trial court. See Memorial Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex.
1987); Conaway v. Lopez, 843 S.W.2d 732, 733 (Tex. App.--Austin 1992, no writ). While this
Court may suspend the rules of appellate procedure when necessary for good cause, we are not
permitted to do so in order to alter the time for perfecting an appeal in a civil case. See Tex. R. App.
P. 2. Because neither Brower nor Larson carried their burden to establish the date of actual notice
under Rule 306a.5 prior to the expiration of the trial court's plenary power, their lack of notice of
the trial court's judgment does not operate to extend appellate time limits.

 While Larson and Brower's notice of appeal is untimely as a direct appeal, it might
suffice as a notice of restricted appeal. See Tex. R. App. P. 26.1(c) (providing that notice of
restricted appeal may be filed within six months of order or judgment); see also In re J.A.M.R.,
303 S.W.3d 422, 423 (Tex. App.--Dallas 2010, no pet.) (allowing restricted appeal from private
termination proceeding); In re N.A.F., 282 S.W.3d 113, 115 (Tex. App.--Waco 2009, no pet.)
(same). A restricted appeal is available if an appellant (1) was a party to the underlying suit, (2) did
not participate in the hearing that resulted in the trial court's judgment, and (3) did not timely file
post-judgment motions or a request for findings of fact and conclusions of law. Tex. R. App. P. 30. 
The record reflects that Brower appeared at trial and requested a continuance before removing herself
from the courtroom prior to the conclusion of the proceedings. Due to Brower's participation at trial,
she is ineligible to proceed with a restricted appeal. See id. Larson, on the other hand, was a party
to the underlying suit, did not participate in the hearing that resulted in the trial court's judgment,
and did not file a timely post-judgment motion or request for findings of fact and conclusions of law. 
Because Larson meets the requirements for a restricted appeal, his notice of appeal will suffice as
a notice of restricted appeal. See id. He is directed to amend his notice of appeal to ensure its
compliance with Rule of Appellate Procedure 25.1(d)(7) within ten days of the date of this order. 
See Tex. R. App. P. 25.1(d)(7) (listing required contents of notice of restricted appeal); see also
In re J.D.O., No. 07-10-0370-CV, 2010 Tex. App. LEXIS 9625, at *5-7 (Tex. App.--Amarillo
Dec. 6, 2010, no pet.) (allowing father in termination proceeding to amend his untimely notice of
accelerated appeal to proceed instead as restricted appeal). In order to prevail on a restricted appeal,
an appellant must demonstrate error apparent on the face of the record. See Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record consists of all papers on file in
the appeal, including the reporter's record, and may include review of legal and factual insufficiency
claims. See Norman Commc'ns v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997)
(per curiam).

 We grant Giesenschlag's motion to dismiss for lack of jurisdiction with respect to
Brower and dismiss her appeal. We deny the motion with respect to Larson. Larson's appeal will
proceed as a restricted appeal.

 It is ordered May 26, 2011.

 

 

 

Before Chief Justice Jones, Justices Henson and Goodwin;

 Dissenting Opinion by Justice Goodwin

Filed: May 26, 2011
1. R.L.'s mother is deceased.
2. Brower and Larson are now represented by counsel.
3. The record before us does not reflect any action taken by the trial court on August 3, 2010.